**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LIV GOLF NEW JERSEY LLC,<br><br>Debtor.[1]<br><br>Tax I.D. No. 42-3915081 | Chapter 11<br><br>Case No. 26-20189 (MBK) |
| In re:<br><br>LIV GOLF INVESTMENTS LTD,<br><br>Debtor.<br><br>Tax I.D. No. 200-513-4412 | Chapter 11<br><br>Case No. 26-20193 (MBK) |

[1] The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

| | |
|---|---|
| In re:<br><br>LIV GOLF HOLDINGS LTD,<br><br>Debtor.<br><br>Tax I.D. No. 200-509-2750 | Chapter 11<br><br>Case No. 26-20194 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 1, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2082009 | Chapter 11<br><br>Case No. 26-20204 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 2, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2187992 | Chapter 11<br><br>Case No. 26-20205 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 3, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2188092 | Chapter 11<br><br>Case No. 26-20206 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 4, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2201354 | Chapter 11<br><br>Case No. 26-20207 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 5, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2201124 | Chapter 11<br><br>Case No. 26-20209 (MBK) |

| | |
|---|---|
| In re:<br>FAIRWAY TM BLOCKER 6, LLC,<br>Debtor.<br>Tax I.D. No. 92-2242443 | Chapter 11<br>Case No. 26-20210 (MBK) |
| In re:<br>FAIRWAY TM BLOCKER 7, LLC,<br>Debtor.<br>Tax I.D. No. 92-2242503 | Chapter 11<br>Case No. 26-20212 (MBK) |
| In re:<br>FAIRWAY TM BLOCKER 8, LLC,<br>Debtor.<br>Tax I.D. No. 92-2246336 | Chapter 11<br>Case No. 26-20213 (MBK) |
| In re:<br>FAIRWAY TM CO 8 GP, LLC,<br>Debtor.<br>Tax I.D. No. 92-1919740 | Chapter 11<br>Case No. 26-20226 (MBK) |
| In re:<br>FAIRWAY TM BLOCKER 9, LLC,<br>Debtor.<br>Tax I.D. No. 92-2246449 | Chapter 11<br>Case No. 26-20214 (MBK) |
| In re:<br>FAIRWAY TM BLOCKER 10, LLC,<br>Debtor.<br>Tax I.D. No. 92-2289733 | Chapter 11<br>Case No. 26-20215 (MBK) |

| | |
|---|---|
| In re:<br><br>FAIRWAY TM BLOCKER 11, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2311305 | Chapter 11<br><br>Case No. 26-20216 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 12, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2347317 | Chapter 11<br><br>Case No. 26-20217 (MBK) |
| In re:<br><br>FAIRWAY TM CO 12 GP, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 41-2388551 | Chapter 11<br><br>Case No. 26-20233 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 13, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 99-5024428 | Chapter 11<br><br>Case No. 26-20218 (MBK) |
| In re:<br><br>FAIRWAY TM CO 1, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1846494 | Chapter 11<br><br>Case No. 26-20219 (MBK) |
| In re:<br><br>FAIRWAY TM CO 2, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1846592 | Chapter 11<br><br>Case No. 26-20220 (MBK) |

| | |
|---|---|
| In re:<br><br>FAIRWAY TM CO 3, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1850048 | Chapter 11<br><br>Case No. 26-20221 (MBK) |
| In re:<br><br>FAIRWAY TM CO 4, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1850111 | Chapter 11<br><br>Case No. 26-20222 (MBK) |
| In re:<br><br>FAIRWAY TM CO 5, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1875144 | Chapter 11<br><br>Case No. 26-20223 (MBK) |
| In re:<br><br>FAIRWAY TM CO 6, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1875271 | Chapter 11<br><br>Case No. 26-20224 (MBK) |
| In re:<br><br>FAIRWAY TM CO 7, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1919904 | Chapter 11<br><br>Case No. 26-20225 (MBK) |
| In re:<br><br>FAIRWAY TM CO 8, LP,<br><br>Debtor.<br><br>Tax I.D. No. 92-1942182 | Chapter 11<br><br>Case No. 26-20228 (MBK) |

| | |
|---|---|
| In re:<br><br>FAIRWAY TM CO 9, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1942379 | Chapter 11<br><br>Case No. 26-20229 (MBK) |
| In re:<br><br>FAIRWAY TM CO 10, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2051518 | Chapter 11<br><br>Case No. 26-20230 (MBK) |
| In re:<br><br>FAIRWAY TM CO 11, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2051702 | Chapter 11<br><br>Case No. 26-20231 (MBK) |
| In re:<br><br>FAIRWAY TM CO 12, LP,<br><br>Debtor.<br><br>Tax I.D. No. 92-2081776 | Chapter 11<br><br>Case No. 26-20234 (MBK) |
| In re:<br><br>FAIRWAY TM CO 13, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 99-0895453 | Chapter 11<br><br>Case No. 26-20235 (MBK) |
| In re:<br><br>LIV GOLF INCORPORATED,<br><br>Debtor.<br><br>Tax I.D. No. 87-2267512 | Chapter 11<br><br>Case No. 26-20190 (MBK) |

| | |
|---|---|
| In re:<br><br>LIV GOLF US MEDIA, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 99-4204598 | Chapter 11<br><br>Case No. 26-20201 (MBK) |
| In re:<br><br>WEDGE IP MANAGEMENT CO, LIMITED,<br><br>Debtor.<br><br>Tax I.D. No. 94483 18236 | Chapter 11<br><br>Case No. 26-20200 (MBK) |
| In re:<br><br>WEDGE IP MANAGEMENT CO, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 87-4434506 | Chapter 11<br><br>Case No. 26-20199 (MBK) |
| In re:<br><br>LIV GOLF LTD,<br><br>Debtor.<br><br>Tax I.D. No. 35010 20476 | Chapter 11<br><br>Case No. 26-20197 (MBK) |
| In re:<br><br>LIV GOLF EVENTS (ISE) LTD,<br><br>Debtor.<br><br>Tax I.D. No. 29148 21052 | Chapter 11<br><br>Case No. 26-20202 (MBK) |
| In re:<br><br>LIV GOLF EVENTS LIMITED,<br><br>Debtor.<br><br>Tax I.D. No. 71921 07317 | Chapter 11<br><br>Case No. 26-20203 (MBK) |

| | |
|---|---|
| In re:<br><br>WEDGE EVENT 1 CO,<br><br>Debtor.<br><br>Tax I.D. No. 87-4774357 | Chapter 11<br><br>Case No. 26-20252 (MBK) |
| In re:<br><br>WEDGE EVENT 2 CO,<br><br>Debtor.<br><br>Tax I.D. No. 87-4799466 | Chapter 11<br><br>Case No. 26-20253 (MBK) |
| In re:<br><br>WEDGE EVENT 3 CO,<br><br>Debtor.<br><br>Tax I.D. No. 87-4828221 | Chapter 11<br><br>Case No. 26-20254 (MBK) |
| In re:<br><br>WEDGE EVENT 4 CO,<br><br>Debtor.<br><br>Tax I.D. No. 88-0543452 | Chapter 11<br><br>Case No. 26-20255 (MBK) |
| In re:<br><br>WEDGE WPB INC.,<br><br>Debtor.<br><br>Tax I.D. No. 87-4684139 | Chapter 11<br><br>Case No. 26-20257 (MBK) |
| In re:<br><br>WEDGE EVENT 7 CO,<br><br>Debtor.<br><br>Tax I.D. No. 88-1722812 | Chapter 11<br><br>Case No. 26-20256 (MBK) |

| | |
|---|---|
| In re:<br><br>FAIRWAY TM INTERMEDIATE 1, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2347423 | Chapter 11<br><br>Case No. 26-20237 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 2, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2371294 | Chapter 11<br><br>Case No. 26-20239 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 3, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2371183 | Chapter 11<br><br>Case No. 26-20240 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 4, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2474808 | Chapter 11<br><br>Case No. 26-20241 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 5, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2474870 | Chapter 11<br><br>Case No. 26-20242 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 6, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2482751 | Chapter 11<br><br>Case No. 26-20243 (MBK) |

| | |
|---|---|
| In re:<br><br>FAIRWAY TM INTERMEDIATE 7, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2482891 | Chapter 11<br><br>Case No. 26-20245 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 8, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2517204 | Chapter 11<br><br>Case No. 26-20246 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 9, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2517339 | Chapter 11<br><br>Case No: 26-20247 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 10, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2649722 | Chapter 11<br><br>Case No. 26-20248 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 11, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2628892 | Chapter 11<br><br>Case No. 26-20249 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 12, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2628552 | Chapter 11<br><br>Case No. 26-20250 (MBK) |

| | |
|---|---|
| In re:<br><br>FAIRWAY TM INTERMEDIATE 13, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 99-5010231 | Chapter 11<br><br>Case No. 26-20251 (MBK) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"), and rely upon and incorporate by reference the *Declaration of David Orlofsky, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed concurrently herewith:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing the Debtors to procedurally consolidate and jointly administer these chapter 11 cases; and (b) granting related relief. The Debtors request that the

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

Court maintain one file and one docket for all of the jointly administered cases under the case of LIV GOLF NEW JERSEY LLC, Case No. 26-20189 (MBK) (the "Lead Case").

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1002-2(c) and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

5. The Debtors own and operate an international men's professional golf league (the "League"). Founded in 2021 and financially backed by The Public Investment Fund of the Kingdom of Saudi Arabia (the "PIF"), the Debtors host tournaments at golf courses around the world (the "Tournaments"). The Tournaments feature world-class entertainment as well as League-contracted professional golfers (the "Players") who compete in both individual and team competitions that take place alongside each other. The Debtors have built a recognizable global

brand through attracting fans, broadcasters and commercial partners. Additional background, including the events leading to these chapter 11 cases is set forth in the First Day Declaration.

6. On September 8, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

**Basis for Relief Requested**

7. Bankruptcy Rule 1015(b)(1)(D) provides, in pertinent part, that "[t]he court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b)(1)(D). The 57 Debtor entities that commenced these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. 11 U.S.C. § 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

8. Joint administration is generally non-controversial, and courts in this jurisdiction regularly order joint administration in cases with multiple related debtors. *See, e.g.*, *In re SIMAD Holdings, Ltd.*, No. 26-16388 (CMG) (Bankr. D.N.J. June 8, 2026) (directing joint administration of chapter 11 cases); *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. Apr. 29, 2026) (same); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Jan. 14, 2026) (same); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. July 2, 2025) (same); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. Mar. 1, 2024) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. Feb. 16, 2024) (same); *In re Careismatic Brands, LLC*,

No. 24-10561 (VFP) (Bankr. D.N.J. Jan. 24, 2024) (same); *In re WeWork, Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Jan. 8, 2024) (same).[3]

9. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

10. Moreover, joint administration will not adversely affect the Debtors' respective constituencies. This Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; rather, parties in interest will benefit from (i) the cost reductions associated with the joint administration of these chapter 11 cases and (ii) ease of reference to one main case docket of 26-20189 (MBK)throughout these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

11. The Debtors request that all orders, pleadings, papers, and documents, except proofs of claim, lists, schedules, and statements, shall be filed and docketed in the case number assigned to the Lead Case, bearing the caption as shown in **Exhibit 1** to the Order attached hereto.

---

3 Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

All proofs of claim shall be filed and docketed under the case number representing the estate against which the claim is made, and a creditor of more than one estate shall file a proof of claim in each case in which a claim may be made, and only in the amount that the creditor may make a claim from that estate.

12. The Debtors also seek the Court's direction that a notation be entered on the docket in each of the Debtors' chapter 11 cases to reflect the joint administration of these cases.

13. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**Reservation of Rights**

14. Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request, approval, or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of

the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**No Prior Request**

15. No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

16. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to PIF as prepetition lender and DIP Lender; (d) the office of the attorney general for each of the states in which the Debtors operate; (e) the United States Attorney's Office for the District of New Jersey; (f) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: September 8, 2026

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

- and -

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| --- | --- |
| In re:<br><br>LIV GOLF NEW JERSEY LLC,<br><br>Debtor.[1]<br><br>Tax I.D. No. 42-3915081 | Chapter 11<br><br>Case No. 26-20189 (MBK) |
| In re:<br><br>LIV GOLF INVESTMENTS LTD,<br><br>Debtor.<br><br>Tax I.D. No. 200-513-4412 | Chapter 11<br><br>Case No. 26-20193 (MBK) |
| In re:<br><br>LIV GOLF HOLDINGS LTD,<br><br>Debtor.<br><br>Tax I.D. No. 200-509-2750 | Chapter 11<br><br>Case No. 26-20194 (MBK) |

[1] The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

| | |
|---|---|
| In re:<br><br>FAIRWAY TM BLOCKER 1, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2082009 | Chapter 11<br><br>Case No. 26-20204 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 2, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2187992 | Chapter 11<br><br>Case No. 26-20205 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 3, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2188092 | Chapter 11<br><br>Case No. 26-20206 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 4, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2201354 | Chapter 11<br><br>Case No. 26-20207 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 5, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2201124 | Chapter 11<br><br>Case No. 26-20209 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 6, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2242443 | Chapter 11<br><br>Case No. 26-20210 (MBK) |

| | |
|---|---|
| In re:<br><br>FAIRWAY TM BLOCKER 7, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2242503 | Chapter 11<br><br>Case No. 26-20212 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 8, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2246336 | Chapter 11<br><br>Case No. 26-20213 (MBK) |
| In re:<br><br>FAIRWAY TM CO 8 GP, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1919740 | Chapter 11<br><br>Case No. 26-20226 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 9, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2246449 | Chapter 11<br><br>Case No. 26-20214 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 10, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2289733 | Chapter 11<br><br>Case No. 26-20215 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 11, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2311305 | Chapter 11<br><br>Case No. 26-20216 (MBK) |

| | |
|---|---|
| In re:<br><br>FAIRWAY TM BLOCKER 12, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2347317 | Chapter 11<br><br>Case No. 26-20217 (MBK) |
| In re:<br><br>FAIRWAY TM CO 12 GP, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 41-2388551 | Chapter 11<br><br>Case No. 26-20233 (MBK) |
| In re:<br><br>FAIRWAY TM BLOCKER 13, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 99-5024428 | Chapter 11<br><br>Case No. 26-20218 (MBK) |
| In re:<br><br>FAIRWAY TM CO 1, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1846494 | Chapter 11<br><br>Case No. 26-20219 (MBK) |
| In re:<br><br>FAIRWAY TM CO 2, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1846592 | Chapter 11<br><br>Case No. 26-20220 (MBK) |
| In re:<br><br>FAIRWAY TM CO 3, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1850048 | Chapter 11<br><br>Case No. 26-20221 (MBK) |

| | |
|---|---|
| In re:<br><br>FAIRWAY TM CO 4, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1850111 | Chapter 11<br><br>Case No. 26-20222 (MBK) |
| In re:<br><br>FAIRWAY TM CO 5, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1875144 | Chapter 11<br><br>Case No. 26-20223 (MBK) |
| In re:<br><br>FAIRWAY TM CO 6, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1875271 | Chapter 11<br><br>Case No. 26-20224 (MBK) |
| In re:<br><br>FAIRWAY TM CO 7, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1919904 | Chapter 11<br><br>Case No. 26-20225 (MBK) |
| In re:<br><br>FAIRWAY TM CO 8, LP,<br><br>Debtor.<br><br>Tax I.D. No. 92-1942182 | Chapter 11<br><br>Case No. 26-20228 (MBK) |
| In re:<br><br>FAIRWAY TM CO 9, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-1942379 | Chapter 11<br><br>Case No. 26-20229 (MBK) |

| | |
|---|---|
| In re:<br><br>FAIRWAY TM CO 10, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2051518 | Chapter 11<br><br>Case No. 26-20230 (MBK) |
| In re:<br><br>FAIRWAY TM CO 11, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2051702 | Chapter 11<br><br>Case No. 26-20231 (MBK) |
| In re:<br><br>FAIRWAY TM CO 12, LP,<br><br>Debtor.<br><br>Tax I.D. No. 92-2081776 | Chapter 11<br><br>Case No. 26-20234 (MBK) |
| In re:<br><br>FAIRWAY TM CO 13, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 99-0895453 | Chapter 11<br><br>Case No. 26-20235 (MBK) |
| In re:<br><br>LIV GOLF INCORPORATED,<br><br>Debtor.<br><br>Tax I.D. No. 87-2267512 | Chapter 11<br><br>Case No. 26-20190 (MBK) |
| In re:<br><br>LIV GOLF US MEDIA, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 99-4204598 | Chapter 11<br><br>Case No. 26-20201 (MBK) |

| | |
|---|---|
| In re:<br><br>WEDGE IP MANAGEMENT CO, LIMITED,<br><br>Debtor.<br><br>Tax I.D. No. 94483 18236 | Chapter 11<br><br>Case No. 26-20200 (MBK) |
| In re:<br><br>WEDGE IP MANAGEMENT CO, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 87-4434506 | Chapter 11<br><br>Case No. 26-20199 (MBK) |
| In re:<br><br>LIV GOLF LTD,<br><br>Debtor.<br><br>Tax I.D. No. 35010 20476 | Chapter 11<br><br>Case No. 26-20197 (MBK) |
| In re:<br><br>LIV GOLF EVENTS (ISE) LTD,<br><br>Debtor.<br><br>Tax I.D. No. 29148 21052 | Chapter 11<br><br>Case No. 26-20202 (MBK) |
| In re:<br><br>LIV GOLF EVENTS LIMITED,<br><br>Debtor.<br><br>Tax I.D. No. 71921 07317 | Chapter 11<br><br>Case No. 26-20203 (MBK) |
| In re:<br><br>WEDGE EVENT 1 CO,<br><br>Debtor.<br><br>Tax I.D. No. 87-4774357 | Chapter 11<br><br>Case No. 26-20252 (MBK) |

| | |
|---|---|
| In re:<br><br>WEDGE EVENT 2 CO,<br><br>Debtor.<br><br>Tax I.D. No. 87-4799466 | Chapter 11<br><br>Case No. 26-20253 (MBK) |
| In re:<br><br>WEDGE EVENT 3 CO,<br><br>Debtor.<br><br>Tax I.D. No. 87-4828221 | Chapter 11<br><br>Case No. 26-20254 (MBK) |
| In re:<br><br>WEDGE EVENT 4 CO,<br><br>Debtor.<br><br>Tax I.D. No. 88-0543452 | Chapter 11<br><br>Case No. 26-20255 (MBK) |
| In re:<br><br>WEDGE WPB INC.,<br><br>Debtor.<br><br>Tax I.D. No. 87-4684139 | Chapter 11<br><br>Case No. 26-20257 (MBK) |
| In re:<br><br>WEDGE EVENT 7 CO,<br><br>Debtor.<br><br>Tax I.D. No. 88-1722812 | Chapter 11<br><br>Case No. 26-20256 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 1, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2347423 | Chapter 11<br><br>Case No. 26-20237 (MBK) |

| | |
|---|---|
| In re:<br><br>FAIRWAY TM INTERMEDIATE 2, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2371294 | Chapter 11<br><br>Case No. 26-20239 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 3, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2371183 | Chapter 11<br><br>Case No. 26-20240 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 4, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2474808 | Chapter 11<br><br>Case No. 26-20241 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 5, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2474870 | Chapter 11<br><br>Case No. 26-20242 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 6, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2482751 | Chapter 11<br><br>Case No. 26-20243 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 7, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2482891 | Chapter 11<br><br>Case No. 26-20245 (MBK) |

| | |
|---|---|
| In re:<br><br>FAIRWAY TM INTERMEDIATE 8, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2517204 | Chapter 11<br><br>Case No. 26-20246 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 9, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2517339 | Chapter 11<br><br>Case No. 26-20247 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 10, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2649722 | Chapter 11<br><br>Case No. 26-20248 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 11, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2628892 | Chapter 11<br><br>Case No. 26-20249 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 12, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 92-2628552 | Chapter 11<br><br>Case No. 26-20250 (MBK) |
| In re:<br><br>FAIRWAY TM INTERMEDIATE 13, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 99-5010231 | Chapter 11<br><br>Case No. 26-20251 (MBK) |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered thirteen (13) through sixteen (16), is **ORDERED**.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

- and -

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

Upon the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to direct the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2. Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The above-captioned cases are hereby jointly administered by this Court for procedural purposes only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015.

4. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

5. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of New Jersey shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

6. All pleadings, papers, and documents filed in the Lead Case shall bear the caption as shown in **Exhibit 1** attached hereto.

7. The caption shown in **Exhibit 1** attached hereto satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

8. All lists, schedules, and statements shall be filed and docketed in the specific Debtor's case to which they are applicable.

9. Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

10. If pleadings, papers, or documents have been filed in any of the above-captioned cases other than the Lead Case prior to the entry of this Order, and those matters have not yet been

heard and decided, the party who filed the pleading, paper, or document shall (i) refile the pleading, paper or document in the Lead Case within three (3) business days of the entry of this Order, (ii) set the pleading, paper, or document for hearing before the judge assigned to the Lead Case, and (iii) notice the hearing to all appropriate parties.

11. The Clerk shall file a copy of this Order in the Lead Case and each of the affiliated Debtor cases. A docket entry shall be made in each of the above-captioned chapter 11 cases, except the Lead Case, substantially as follows:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of LIV Golf New Jersey LLC and its affiliated debtors. All further pleadings and papers shall be filed in, and all further docket entries shall be made in, the docket of LIV Golf New Jersey LLC, Case No. 26-20189 (MBK), and that docket should be consulted for all matters affecting these chapter 11 cases.

12. The Debtors shall file individual monthly operating reports for each Debtor and such reports shall be docketed in the Lead Case.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

16. The Debtors shall serve a copy of this Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within forty-eight (48) hours after entry of this Order.

17. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit 1**

**Case Caption**

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LIV GOLF NEW JERSEY LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-20189 (MBK)<br><br>(Jointly Administered) |

[1] The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.