**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LIV GOLF NEW JERSEY LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-20189 (MBK)<br><br>(Joint Administration Requested) |

# DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) APPOINTING AND AUTHORIZING A FOREIGN REPRESENTATIVE TO ACT FOR THE DEBTORS IN A FOREIGN PROCEEDING, (II) AUTHORIZING THE PAYMENT OF COSTS RELATED TO FOREIGN PROCEEDINGS, AND (III) GRANTING RELATED RELIEF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

1 The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):[2]

**Relief Requested**

1. The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"): (a) appointing and authorizing the Foreign Representative (as defined herein) to act on behalf of the Debtors' estates in the UK Proceeding (as defined herein); (b) authorizing the payment of certain fees, expenses and costs associated with the Jersey Proceeding pursuant to the supervision of the Jersey Court (as defined herein); and (c) granting related relief. The Debtors request that the relief described in clause (a) above be granted on a final basis upon entry of the Interim Order, and that the relief described in clause (b) above be granted on an interim basis upon entry of the Interim Order and on a final basis upon entry of the Final Order. In addition, the Debtors request that the Court schedule a final hearing (the "Final Hearing") approximately thirty (30) days after the commencement of these chapter 11 cases to consider entry of the Final Order approving the relief requested herein.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Orlofsky, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 1107(a), and 1505 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9013-5 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

**Background**

5. The Debtors own and operate an international men's professional golf league (the "League"). Founded in 2021 and financially backed by The Public Investment Fund of the Kingdom of Saudi Arabia (the "PIF"), the Debtors host tournaments at golf courses around the world (the "Tournaments"). The Tournaments feature world-class entertainment as well as League-contracted professional golfers (the "Players") who compete in both individual and team competitions that take place alongside each other. The Debtors have built a recognizable global brand through attracting fans, broadcasters and commercial partners. Additional background, including the events leading to these chapter 11 cases, is set forth in the First Day Declaration.

6. On September 8, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No

request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

**The Foreign Proceedings**

7. Two of the Debtors — (i) LIV Golf Ltd, registered number 13473438, and (ii) LIV Golf Events Ltd., registered number 13943068, each having its registered office at C/O Zedra, Booths Hall, Booths Park 3, Chelford Road, Knutsford WA16 8GS, England — are organized under the laws of England and Wales and have assets in said jurisdiction (collectively, the "UK Debtors").[3] Two of the Debtors — (i) LIV Golf Investments Ltd, registered number 136610, and (ii) LIV Golf Holdings Ltd, registered number 136113, each having its registered office at 1st Floor, Liberation House, Castle Street, St Helier JE1 1GL, Jersey — are organized under the laws of Jersey (and together with the laws of England and Wales, the "Foreign Legal Regimes") and have assets in said jurisdiction (collectively, the "Jersey Debtors", and with the UK Debtors, the "Foreign Debtors").

8. The UK Debtors are incorporated in England and Wales and the Jersey Debtors are incorporated in Jersey. The UK Debtors have certain assets located in England and Wales including but not limited to cash, accounts receivable, prepaid expenses, intercompany balances, fixed assets and merchandise inventory. In addition, LIV Golf Ltd employs 19 individuals at its London office who perform administrative functions in support of the Debtors' business as a whole. The Jersey Debtors are principally holding companies of the Debtors' group and have certain assets located in Jersey, including cash. As such, it is necessary to ensure that these chapter

[3] There are two additional Debtors organized under the laws of England and Wales, namely (i) LIV Golf Events ISE Ltd, registered number 13943048, and (ii) Wedge IP Management Co, Limited, registered number 13801850, each also having its registered office at C/O Zedra, Booths Hall, Booths Park 3, Chelford Road, Knutsford WA16 8GS, England. The Debtors are seeking recognition in England and Wales only in respect of these chapter 11 cases of the UK Debtors (as defined herein).

11 cases, as well as the orders of this Court entered herein, are recognized in respect of each Foreign Debtor and that the protection of the automatic stay (or equivalent moratorium), together with any additional relief as may be granted by the Foreign Courts (defined below), is obtained under the Foreign Legal Regimes.

**I. The UK Proceeding**

9. To commence the UK Proceeding (as defined herein), the UK Debtors require authority for the Debtors' Chief Restructuring Officer, David Orlofsky, to act as the "foreign representative" on behalf of the Debtors' estates (the "Foreign Representative"). Therefore, the UK Debtors request authority to appoint Mr. Orlofsky as such Foreign Representative. Each UK Debtor has previously authorized him to act as the Foreign Representative by written resolution.

10. Upon Court appointment as the Foreign Representative, Mr. Orlofsky intends to apply to the High Court of Justice, Business and Property Courts of England and Wales, Insolvency and Companies List (ChD) (the "UK Court") for recognition of the chapter 11 case of each UK Debtor under the Cross-Border Insolvency Regulations 2006 (the "CBIR") (such applications, the "UK Proceeding"). The purpose of the UK Proceeding is to request that the UK Court recognize the chapter 11 case of each UK Debtor as a "foreign main proceeding" or, alternatively, "foreign non-main proceeding" under the provisions of the CBIR to, among other things, protect the UK Debtors' assets in England and Wales.

11. The UNCITRAL Model Law on Cross-Border Insolvency (1997) (the "Model Law") has the force of law in Great Britain by virtue of regulation 2(1) of the CBIR. Article 2(j) of Schedule 1 to the CBIR defines a "foreign representative" as a "person or body, including one appointed on an interim basis, authorised in a foreign proceeding to administer the reorganisation or the liquidation of the debtor's assets or affairs or to act as a representative of the foreign proceeding." Schedule 1 to the CBIR, Article 2(j).

12. In addition, Article 15(2) of Schedule 1 to the CBIR provides that an application for recognition of a foreign proceeding "shall be accompanied by — (a) a certified copy of the decision commencing the foreign proceeding and appointing the foreign representative; or (b) a certificate from the foreign court affirming the existence of the foreign proceeding and of the appointment of the foreign representative; or (c) in the absence of evidence referred to in sub-paragraphs (a) and (b), any other evidence acceptable to the court of the existence of the foreign proceeding and of the appointment of the foreign representative."

13. Accordingly, an order of this Court authorizing Mr. Orlofsky to act as the Foreign Representative with respect to these chapter 11 cases would, once entered and certified and together with certified copies of the petitions, satisfy the requirements of Articles 2 and 15(2) of Schedule 1 to the CBIR, thereby enabling Mr. Orlofsky to seek recognition as the foreign representative and apply to have these chapter 11 cases recognized by the UK Court. As such, the Debtors request entry of the Interim Order appointing Mr. Orlofsky as the Foreign Representative on a final basis.

**II. The Jersey Proceeding**

14. Unlike Great Britain, Jersey has not enacted the Model Law, and thus the ability to obtain recognition of these chapter 11 cases in Jersey as foreign main or non-main proceedings is not available. In order to ensure the protection of the Jersey Debtors' assets and operations in Jersey, each of the Jersey Debtors has filed (or will file) with The Royal Court of Jersey (the "Jersey Court", and together with the UK Court, the "Foreign Courts") applications for orders placing the Jersey Debtors into administration pursuant to Part 20B of the Companies (Jersey) Law 1991 (the "Jersey Proceeding", and together with the UK Proceedings, the "Foreign Proceedings").

15. The Debtors propose to appoint Andrew McFarlane Wood and Alastair Beveridge to serve as joint administrators of the Jersey Debtors in the Jersey Proceeding (the "Joint

Administrators"). The Joint Administrators have selected Carey Olsen Jersey LLP ("Carey Olsen") as their counsel in the Jersey Proceeding.

16. As it is a plenary (not ancillary) proceeding, the Jersey Court has jurisdiction to approve the appointment of Mr. McFarlane Wood and Mr. Beveridge as Joint Administrators, and the Debtors do not request any relief with respect thereto in this motion. Similarly, the Jersey Court will have jurisdiction related to the review and payment of the Joint Administrators' fees and expenses, including but not limited to that of Carey Olsen. However, as the Jersey Debtors are also Debtors in these chapter 11 cases, the Debtors hereby request (out of an abundance of caution) authority, on an interim basis upon entry of the Interim Order and on a final basis upon entry of the Final Order, to pay, subject to the applicable terms of the DIP Order (as defined in the Interim Order and Final Order), the fees, costs and expenses of the Joint Administrators and Carey Olsen, without further review by this Court, subject to the review and approval of the Jersey Court.[4]

## Basis for Relief Requested

17. Section 1505 of the Bankruptcy Code provides that "[a] trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law." 11 U.S.C. § 1505. Further, section 1107(a) of the Bankruptcy Code provides, in relevant part, that "a debtor in possession shall have all the rights…and powers, and shall perform all the functions and duties…of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

[4] Notably, prior to the Petition Date, each of the Debtors signed a cross-border protocol (the "Cross Border Protocol" attached as **Exhibit C** hereto) which is designed to streamline and coordinate these chapter 11 cases with the Jersey Proceeding. The cross-border protocol outlines certain information sharing procedures, and establishes the primacy of these chapter 11 cases. The Debtors are not seeking approval of the cross-border protocol, but intend to abide by its terms as a prepetition agreement.

18. The Debtors respectfully submit that Mr. Orlofsky may act as the Foreign Representative solely on the basis of the rights and powers conferred upon him in his capacity as an authorized representative of the Debtors in possession under section 1107 of the Bankruptcy Code. However, in order to avoid any possible confusion or doubt regarding this authority and to comply with the requirements of Articles 2 and 15(2) of Schedule 1 to the CBIR, the Debtors request entry of the Interim Order, pursuant to section 1505 of the Bankruptcy Code, to explicitly authorize Mr. Orlofsky, on a final basis, to act as the Foreign Representative in the UK Proceeding of each of the UK Debtors. Courts in this and other jurisdictions have granted similar relief explicitly authorizing the appointment of a foreign representative in chapter 11 cases where recognition of an ancillary proceeding in a foreign jurisdiction was sought. *See, e.g., In re Eddie Bauer LLC*, No. 26-11422 (SLM) (Bankr. D.N.J. Feb. 10, 2026); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 8, 2023); *In re Cyxtera Technologies, Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 6, 2023); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 17, 2023); *In re BFG Supply Co., LLC*, No. 26-11284 (CTG) (Bankr. D. Del. Aug. 20, 2026); *In re 23andMe Holding Co.*, No. 25-40976-357 (BCW) (Bankr. E.D. Mo. Sept. 10, 2025); *re In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. June 28, 2023); *In re Armstrong Flooring, Inc.*, No. 22-10426 (MFW) (Bankr. D. Del. May 11, 2022); *In re Mallinckrodt plc*, No. 20-12522 (JTD) (Bankr. D. Del. Oct. 14, 2020); *In re Skillsoft Corporation*, Case No. 20-11532 (MFW) (Bankr. D. Del. June 16, 2020).[5] Accordingly, the relief requested herein is necessary and appropriate, is in the best interests of the Debtors' estates and creditors, and should be granted in all respects.

---

5 Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

19. Further, given the risk of confusion associated with three separate courts presiding over the estates of the Debtors, the Debtors intend to comply with the Cross Border Protocol to the maximum extent possible and permitted by applicable law. A key area of potential confusion relates to the review and approval of fees and expenses of foreign Debtor representatives and professionals that are acting only in the Foreign Proceedings. In the interest of international comity and avoiding duplicative or contrary rulings, the Debtors respectfully submit that the fees, costs and expenses of the Joint Administrators and their counsel should be subsumed within the sole jurisdiction of the Jersey Court, and that the Debtors should be permitted to make payments with respect thereto without further review and approval of this Court. The Debtors request that this authority be granted on an interim basis upon entry of the Interim Order and on a final basis upon entry of the Final Order.

**The Requirements of Bankruptcy Rule 6003(a) Are Satisfied**

20. Bankruptcy Rule 6003(a) empowers a court to grant relief within the first twenty-one (21) days after the Petition Date to the extent that "relief is needed to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(a). As set forth in this Motion, the applications commencing the Jersey Proceeding have been or will be filed in connection with the commencement of these chapter 11 cases, and the Joint Administrators and Carey Olsen will incur fees, costs and expenses within the first twenty-one (21) days of these chapter 11 cases in connection therewith. Absent authority to pay such amounts as they become due, the Jersey Debtors' ability to obtain and maintain the protection of the Jersey Court for their assets in Jersey could be impaired, to the detriment of the Debtors' estates and their stakeholders. The Debtors have demonstrated that the requested relief is "needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a), and the Court should grant the requested relief.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

21. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) for the reasons set forth herein.

**Reservation of Rights**

22. Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request, approval, or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim. If the Court grants the relief sought

herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**No Prior Request**

23. No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

24. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the PIF as prepetition lender and DIP Lender; (d) the office of the attorney general for each of the states in which the Debtors operate; (e) the United States Attorney's Office for the District of New Jersey; (f) the Internal Revenue Service; (g) the Foreign Representative and the Joint Administrators; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors request that the Court enter interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: September 8, 2026

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. *(pro hac vice* pending*)*
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

- and -

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email: sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

# Exhibit A

**Proposed Interim Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** | |
|---|---|
| In re:<br><br>LIV GOLF NEW JERSEY LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-20189 (MBK)<br><br>(Joint Administration Requested) |

**INTERIM ORDER (I) APPOINTING AND AUTHORIZING A FOREIGN REPRESENTATIVE TO ACT FOR THE DEBTORS IN A FOREIGN PROCEEDING, (II) AUTHORIZING THE PAYMENT OF COSTS RELATED TO FOREIGN PROCEEDINGS, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is **ORDERED**.

[1] The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Appointing and Authorizing a Foreign Representative to Act for the Debtors in a Foreign Proceeding, (II) Authorizing the Payment of Costs Related to Foreign Proceedings, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) appointing and authorizing David Orlofsky to act as the Foreign Representative on behalf of the Debtors' estates in the UK Proceeding of each of the UK Debtors pursuant to section 1505 of the Bankruptcy Code; (b) authorizing the payment of certain fees, expenses and costs associated with the Jersey Proceeding pursuant to the supervision of the Jersey Court; (c) granting related relief; and (d) scheduling a final hearing (the "Final Hearing") to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter an interim order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

---

and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Final Hearing on the Motion will be held on **_______, 2026 at _____________ (Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the following parties on or before **_______________, 2026 at 4:00 p.m. (Eastern Time)**: (i) proposed counsel to the Debtors, (a) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn. Scott J. Greenberg (sgreenberg@gibsondunn.com), Matthew J. Williams (mjwilliams@gibsondunn.com), Keith R. Martorana (kmartorana@gibsondunn.com), Robert E. Fitzgerald (rfitzgerald@gibsondunn.com), and Tommy Scheffer (tscheffer@gibsondunn.com) and (b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn. Michael D. Sirota (msirota@coleschotz.com), Warren A. Usatine (wusatine@coleschotz.com), Seth Van Aalten (svanaalten@coleschotz.com), Anthony De Leo (adeleo@coleschotz.com), and Matteo Percontino (mpercontino@coleschotz.com); (ii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100 Newark, New Jersey 07102, Attn. Jeffrey M. Sponder (Jeffrey.M.Sponder@usdoj.gov) and Rachel Wolf (Rachel.Wolf@usdoj.gov); (iii) counsel to the PIF, Attn. Kim Havlin (kim.havlin@whitecase.com), Scott Greissman (sgreissman@whitecase.com), Elizabeth Feld (efeld@whitecase.com), Gregory Pesce

(gregory.pesce@whitecase.com), Andrea Kropp (andrea.kropp@whitecase.com); and (iv) if any statutory committee has been appointed in these chapter 11 cases, counsel to such committee. If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3. Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

4. David Orlofsky is hereby appointed, on a final basis, as Foreign Representative of each of LIV Golf Ltd and LIV Golf Events Ltd., and authorized to act on behalf of the UK Debtors' estates in connection with the UK Proceeding. As Foreign Representative, Mr. Orlofsky shall be authorized and shall have the power to act in any way permitted by applicable foreign law, including, but not limited to, (a) seeking recognition of these chapter 11 cases and this Court's orders in the UK Proceeding of each of the UK Debtors, (b) requesting that the UK Court lend assistance to this Court in protecting the property of the Debtors' estates, and (c) seeking any other appropriate relief from the UK Court that Mr. Orlofsky deems just and proper in the furtherance of the protection of the Debtors' estates.

5. The Court requests the aid and assistance of the UK Court to recognize these chapter 11 cases as a "foreign main proceeding" or "foreign non-main proceeding," as applicable, and Mr. Orlofsky as a "foreign representative" pursuant to the CBIR, and to recognize and give full force and effect to this Interim Order and any other orders for which recognition is sought throughout Great Britain.

6. The appointment and authorization of Mr. Orlofsky as Foreign Representative pursuant to this Interim Order, and the request for the aid and assistance of the UK Court set forth herein, are granted on a final basis, and nothing in this Interim Order, including the scheduling of the Final Hearing, shall limit, condition or otherwise affect such relief.

7. The Debtors are authorized, on an interim basis, without any further review by this Court, to pay the reasonable fees, costs and expenses of the Joint Administrators and Carey Olsen, subject to the supervision and approval of the Jersey Court.

8. For the purposes of communicating with the UK Court (should it be necessary), this Court may utilize the Guidelines for Communication and Cooperation between Courts in Cross-Border Insolvency Matters issued by the Judicial Insolvency Network as this Court determines is just and proper. For the purposes of communicating with the Jersey Court (should it be necessary) this Court may utilize the Cross Border Protocol.

9. Notwithstanding anything to the contrary in the Motion or this Interim Order, any payment made by the Debtors pursuant to the authority granted in this Interim Order must be in compliance with and any authorization of the Debtors contained herein is subject to: (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith (in each case, the "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and this Interim Order, the terms of the DIP Order shall control.

10. The requirements set forth in Bankruptcy Rule 6003(a) are satisfied by the contents of the Motion or otherwise deemed waived.

11. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Interim Order shall be effective and enforceable immediately upon entry hereof.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

13. The Debtors shall serve a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

14. Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

# **Exhibit B**

## **Proposed Final Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
|---|---|
| In re:<br><br>LIV GOLF NEW JERSEY LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-20189 (MBK)<br><br>(Joint Administration Requested) |

**FINAL ORDER (I) APPOINTING AND AUTHORIZING A FOREIGN REPRESENTATIVE TO ACT FOR THE DEBTORS IN A FOREIGN PROCEEDING, (II) AUTHORIZING THE PAYMENT OF COSTS RELATED TO FOREIGN PROCEEDINGS, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED**.

1 The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Appointing and Authorizing a Foreign Representative to Act for the Debtors in a Foreign Proceeding, (II) Authorizing the Payment of Costs Related to Foreign Proceedings, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) appointing and authorizing David Orlofsky to act as the Foreign Representative on behalf of the Debtors' estates in the UK Proceeding of each of the UK Debtors pursuant to section 1505 of the Bankruptcy Code; (b) authorizing the payment of certain fees, expenses and costs associated with the Jersey Proceeding pursuant to the supervision of the Jersey Court; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having entered the Interim Order on [●], 2026 [Docket No. [●]]; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. Any objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The appointment and authorization of David Orlofsky as Foreign Representative of each of LIV Golf Ltd and LIV Golf Events Ltd. pursuant to the Interim Order, and the request for the aid and assistance of the UK Court set forth in the Interim Order, were granted on a final basis, remain in full force and effect, and are not modified by this Final Order.

4. The Debtors are authorized, on a final basis, without any further review by this Court, to pay the reasonable fees, costs and expenses of the Joint Administrators and Carey Olsen, subject to the supervision and approval of the Jersey Court.

5. For the purposes of communicating with the UK Court (should it be necessary), this Court may utilize the Guidelines for Communication and Cooperation between Courts in Cross-Border Insolvency Matters issued by the Judicial Insolvency Network as this Court determines is just and proper. For the purposes of communicating with the Jersey Court (should it be necessary) this Court may utilize the Cross Border Protocol.

6. Notwithstanding anything to the contrary in the Motion or this Final Order, any payment made by the Debtors pursuant to the authority granted in this Final Order must be in

compliance with and any authorization of the Debtors contained herein is subject to: (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith (in each case, the "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and this Final Order, the terms of the DIP Order shall control.

7. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Final Order shall be effective and enforceable immediately upon entry hereof.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.