**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LIV GOLF NEW JERSEY LLC, *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-20189 (MBK)<br><br>(Joint Administration Requested) |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EACH EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR AGREEMENTS LISTED ON SCHEDULE 1 TO THE PROPOSED ORDER ATTACHED HERETO TO DETERMINE IF THIS MOTION AFFECTS THEIR RIGHTS THEREUNDER**

1 The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):[2]

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing the Debtors to (i) reject certain executory contracts, including any amendments, modifications, or supplements thereto (each, a "Contract," and collectively, the "Contracts"), and certain leases, including any guaranties thereof and any amendments, modifications, or supplements thereto (each, a "Lease," and collectively, the "Leases"), for non-residential real property located at the premises (as applicable, the "Premises"), in each case identified on **Schedule 1**[3] to the Order, and (ii) abandon certain equipment, fixtures, furniture, or other personal property that may be located at the Premises and not otherwise transitioned to another location (collectively, the "Personal Property"), each effective as of the Petition Date; and (b) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). The Debtors confirm their consent to the Court entering a final order

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Orlofsky, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

[3] The Debtors reserve the right to amend **Schedule 1** to the Order by removing certain Contracts and Leases from such schedule prior to the hearing on this Motion.

in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9013-5 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

**Background**

5. The Debtors own and operate an international men's professional golf league (the "League"). Founded in 2021 and financially backed by the Public Investment Fund of the Kingdom of Saudi Arabia (the "PIF"), the Debtors host tournaments at golf courses around the world (the "Tournaments"). The Tournaments feature world-class entertainment as well as League-contracted professional golfers (the "Players") who compete in both individual and team competitions that take place alongside each other. The Debtors have built a recognizable global brand through attracting fans, broadcasters and commercial partners. Additional background, including the events leading to these chapter 11 cases, is set forth in the First Day Declaration.

6. On September 8, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No

request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

**Contracts and Leases to be Rejected**[4]

7. As discussed in the First Day Declaration, the Debtors have worked tirelessly to build stakeholder consensus around a value-maximizing restructuring of the Company. As of the Petition Date, the Debtors are in advanced discussions with the PIF, the Players and a lead investor for a comprehensive restructuring transaction intended to preserve the Debtors' business as a going concern under the new ownership of the Players and the lead investor ("LIV 2.0").[5]

8. Notably, a key element of LIV 2.0 is the overall reduction of operating costs, including executory contract and non-residential real property lease obligations. In particular, the current contracts between the Debtors and the Players do not reflect the contemplated compensation structure under LIV 2.0, and thus, while the Players are surely valuable contributors to the League, continuing to maintain these particular contracts post-petition in their current form would require the incurrence of potentially substantial administrative costs. The Debtors are therefore asking for authority pursuant to this Motion to reject the Player Contracts (as defined herein) and any related ancillary agreements. To be clear, the rejection is to minimize administrative costs only, and the Debtors remain hopeful and optimistic that, notwithstanding the rejection of these particular contracts, they will be able to negotiate new, long-term contracts with Players as part of LIV 2.0.

---

4 While the Debtors are seeking rejection pursuant to section 365 of the Bankruptcy Code, nothing herein shall be deemed or otherwise construed as the Debtors' concession that any Contract is, in fact, an executory contract.

5 Notably, in the event that LIV 2.0 were to not come to fruition, the Contracts and Leases set forth on **Schedule 1** to the Order would not be beneficial to the Debtors in the event of an orderly wind-down of operations.

9. In addition, and following a review of their operations and attendant costs, the Debtors have determined that certain other contract and lease obligations were not necessary to, and would impose substantial burdens on, their ongoing business operations and restructuring efforts.

10. Accordingly, in order to maximize the value of their estates, the Debtors seek to reject the following Contracts and Leases, which are also identified and described on **Schedule 1** to the Order:

a. *West Palm Beach Office Lease*

i. Debtor LIV Golf Inc. is party to an office lease agreement dated November 24, 2021 (the "WPB Office Lease") with 222 Lakeview, LLC, a Delaware limited liability company, as landlord, under which LIV Golf Inc. leases 10,930 rentable square feet of office space in Suite 1400 of the Esperante Corporate Center, 222 Lakeview Avenue, West Palm Beach, Florida (the "WPB Premises"). The WPB Office Lease has a stated term of 66 months and is guaranteed by LIV Golf Ltd, a private limited company organized under the laws of the United Kingdom. Prior to the Petition Date, the Debtors determined, in their business judgment, that it was no longer necessary or desirable to occupy the WPB Premises and, with the landlord's consent, subleased the WPB Premises to Blank Rome LLP. Notwithstanding the partial mitigation of rent from the sublease, the WPB Office Lease continues to be a net operational loser for the Debtors. Accordingly, the Debtors now seek to reject the WPB Office Lease and any related agreements.

b. *West Palm Beach Office Sublease*

i. Debtor LIV Golf Inc., as sublandlord, is party to a sublease agreement dated February 10, 2026 (the "WPB Sublease") with Blank Rome LLP, a Pennsylvania limited liability partnership, as subtenant, under which LIV Golf Inc. subleases the WPB Premises to Blank Rome LLP. The Debtors seek to reject the WPB Sublease in connection with the proposed rejection of the WPB Office Lease and any related agreements.

c. *Scottsdale Membership Agreement*

i. Debtor LIV Golf Inc. is party to a membership agreement dated January 31, 2026 (the "Scottsdale Membership Agreement") with Industrious SDL 15051 North Kierland Boulevard LLC ("Industrious"), under

which LIV Golf Inc. licenses a private office (Office 233) accommodating up to six seats and totaling 171 square feet located at 15051 N Kierland Boulevard, Suite 300, Scottsdale, Arizona (the "Scottsdale Premises"). The Scottsdale Membership Agreement has a 12-month term commencing April 1, 2026, and carries a monthly license fee of $3,000 plus a $4,500 security deposit. Prior to the Petition Date, the Debtors determined, in their business judgment, that it was no longer necessary or desirable to occupy the Scottsdale Premises and vacated the Scottsdale Premises. Accordingly, the Debtors now seek to reject the Scottsdale Membership Agreement and any related agreements.

d. *Player Contracts* / *Indemnification Agreements*

i. Certain of the Debtors are party to participation agreements with Players and/or affiliated entities (including any related ancillary agreements, collectively, the "Player Contracts") which govern the relationship between the Players, the League and the teams. Under the Player Contracts, each Player commits to participate in League tournaments for a multi-year term, generally extending through the 2028 League season, in exchange for fixed and contingent compensation. The Player Contracts also govern licenses to Player name, image and likeness rights. In addition, one Player and his affiliated entity are party to an indemnification agreement (the "Indemnification Agreement") with certain Debtors pursuant to which the Debtors agree to indemnify such parties, subject to a $3 million aggregate cap, solely with respect to claims asserted by a specified sponsor under a pre-existing endorsement agreement, and which expires by its terms no later than July 1, 2027.

As set forth in the First Day Declaration, the Debtors intend to continue operating the League on a go-forward basis under a restructured business model that contemplates alternative compensation arrangements for participating Players, and the existing Player Contracts and Indemnification Agreement will not govern Player participation in the Debtors' go-forward business. Absent rejection, the Player Contracts and Indemnification Agreement would continue to impose substantial payment obligations on the Debtors' estates without corresponding benefit. Accordingly, the Debtors have determined, in their business judgment, that the Player Contracts and Indemnification Agreement do not provide any material benefit to their estates and should be rejected to cut off the potential incurrence of additional administrative costs or expenses associated therewith, and the Debtors seek to reject the Player Contracts and Indemnification Agreement at the outset of these chapter 11 cases, effective as of the Petition Date. For the avoidance of doubt, the Debtors do not seek to impair, and rejection of the Player Contracts and Indemnification Agreement shall not affect, any rights, licenses, or assignments previously granted or

made to the Debtors under the Player Contracts or Indemnification Agreement, including with respect to content and Player identification rights, that by their express terms survive termination, all of which remain property of the Debtors' estates.

e. *Player Separation Agreements*

i. Certain of the Debtors are party to separation agreement(s) (the "Player Separation Agreement(s)"), pursuant to which the parties terminated a Player's participation in the League in exchange for cash payments and other consideration. The Debtors have analyzed the terms of the Player Separation Agreement(s) and determined that they do not provide any material benefit to their estates and should be rejected to cut off the potential incurrence of additional administrative costs or expenses associated therewith during the pendency of these chapter 11 cases. Accordingly, the Debtors seek to reject the Player Separation Agreement(s) at the outset of these chapter 11 cases, effective as of the Petition Date.

f. *Other Contracts*

i. In addition to the Contracts and Leases described above, certain of the Debtors are party to various other contracts and services agreements with vendors, service providers, and other counterparties (including any related ancillary agreements, collectively, the "Other Contracts"). Pursuant to the Other Contracts, the applicable counterparties provide various services and other support to the Debtors, including, among other things, broadcast talent services, sponsorship sales services, social media support, digital services, production services, public relations services, business advisory services, medical services, influencer services, travel and logistics services, contract management software and related services, and concert booking services. The Other Contracts also include certain charitable and foundation partnership agreements. The Debtors have determined, in their business judgment, that the Other Contracts do not provide any material benefit to their estates and should be rejected to cut off the potential incurrence of additional administrative costs or expenses associated therewith, and the Debtors seek to reject the Other Contracts at the outset of these chapter 11 cases, effective as of the Petition Date.

11. The rejection of the Contracts and Leases is critical for the Debtors to efficiently divest and monetize assets and administer their estates during the pendency of these chapter 11 cases. By rejecting the Contracts and Leases at the outset of their chapter 11 cases, the Debtors will shed the related financial burdens and avoid postpetition expenses that will be incurred

without any tangible benefit to their estates. As of the Petition Date, the Debtors have vacated the Premises related to the Leases sought to be rejected by this Motion. Therefore, absent rejection, the Debtors would be obligated to pay rent under the Leases and will no longer be in possession of the Premises to which the Leases pertain. In addition, the Debtors have reviewed the market value of the Leases and determined, in their business judgment, that marketing the Leases for assignment or sublease to a third party would not generate any significant value for the estates, especially compared to the continued costs associated with maintaining the Premises. Relatedly, with respect to the Contracts, the Debtors have determined, in their business judgment, that such Contracts (a) are no longer required to operate the Debtors' business, (b) do not provide any value to the Debtors' estates, and/or (c) may give rise to additional claims against the Debtors without any corresponding benefit to the estates if they are not rejected as of the Petition Date.

12. During the ordinary course of business, the Debtors accumulated certain miscellaneous assets at the Premises, including certain furniture and office equipment, of limited value. The Debtors submit that any Personal Property remaining at any of the Premises is either of inconsequential value to the Debtors' estates or that the costs to the Debtors of retrieving, marketing, and reselling the Personal Property will exceed the recoveries, if any, that the Debtors and their estates could reasonably obtain in exchange for such property. For the avoidance of doubt, the Debtors seek to abandon such Personal Property pursuant to section 554 of the Bankruptcy Code.

13. Accordingly, in an effort to reduce unnecessary postpetition rent and other administrative costs, the Debtors have determined that it is in the best interests of their estates to reject the Contracts and Leases set forth on **Schedule 1** and abandon any remaining Personal Property, effective as of the Petition Date.

## **<u>Basis for Relief Requested</u>**

### I. Rejection of the Contracts and Leases Reflects the Debtors' Sound Business Judgment

14. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject executory contracts or unexpired leases is a matter within the "business judgment" of the debtor. *See NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test.") (citation omitted), *aff'd*, 465 U.S. 513 (1984); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (D. Del. 1995). Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See, e.g.*, *In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511–12 (Bankr. D. Del. 2003). Further, "[t]his provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

15. Rejection of a contract or unexpired lease is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989). Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a). *See Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 374 (2019) (stating that the bankruptcy court will generally approve a debtor's choice to assume or reject an executory contract under the deferential "business judgement" rule); *In re Nickels Midway Pier, LLC*, 332 B.R. 262,

271 (Bankr. D.N.J. 2005) (stating that a bankruptcy court should defer to a debtor's decision to reject a contract unless it is so unreasonable that the decision could only be based on bad faith or whim), *aff'd in part, rev'd in part and remanded*, 341 B.R. 486 (D.N.J. 2006), *aff'd*, 255 F. App'x 633 (3d Cir. 2007); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002) (stating that to satisfy the "business judgement test" for rejecting executory contracts and unexpired leases, the debtor must establish that the rejection will benefit the estate).

**II. Rejection of the Contracts and Leases is in the Best Interest of the Debtors' Estates**

16. After evaluation and analysis, the Debtors, with the assistance of their advisors, have determined that there is no net benefit that is likely to be realized from the Debtors' efforts to retain and market the Contracts and Leases, and that there is little, if any, likelihood that the Debtors will be able to realize value from the Contracts or Leases. Therefore, the Contracts and Leases are otherwise a burden to the Debtors' estates, are not part of the Debtors' go forward business plan, and cannot be efficiently administered by the Debtors' estates during the pendency of these chapter 11 cases.

17. The Debtors seek to reject the Contracts and Leases, pursuant to section 365(a) of the Bankruptcy Code, to avoid the incurrence of any additional unnecessary expenses related to the Contracts and Leases and the maintenance of the Premises. The Debtors have concluded that the cost of the Contracts and Leases outweighs any value that such Contracts or Leases could generate for the Debtors' estates. Absent rejection, the Debtors believe that the Contracts and Leases will continue to burden the Debtors' estates with substantial administrative expenses at a critical time when the Debtors are making concerted efforts to maximize liquidity and preserve the Debtors' estates. Rejecting the Contracts and Leases will help ease the Debtors' cash burn and increase the Debtors' liquidity.

18. For all of the foregoing reasons, the Debtors have decided, in the exercise of their sound business judgment, to reject the Contracts and Leases. Accordingly, the Debtors respectfully request that the Bankruptcy Court authorize the rejection of the Contracts and Leases pursuant to section 365(a) of the Bankruptcy Code.

**III. Rejection of the Contracts and Leases as of the Petition Date Is Appropriate**

19. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of leases to apply retroactively"). Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (stating that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[w]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an

unexpired nonresidential lease"). In considering whether to approve retroactive rejection, courts examine a number of factors, and generally approve retroactive rejection where it promotes the purposes of section 365(a) of the Bankruptcy Code. *See In re Chi-Chi's, Inc.*, 305 B.R. at 399 ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a). . . . only after balancing the equities in a particular case, should the court approve a retroactive rejection of nonresidential lease.").

20. Prior to the Petition Date, the Debtors vacated the Premises and determined that they do not require the services provided under the Contracts. As a result of these prepetition actions and notice of this Motion, the relevant landlord and contract counterparties are not subject to any uncertainty regarding the Debtors' intent with respect to the Contracts and Leases. Upon the Petition Date, the affected landlord and contract counterparties identified in **Schedule 1** will be relieved of their own obligations under the applicable Contract or Lease, allowing them to cease performance of such obligations and immediately repossess their property or enter into new contracts or leases (as applicable).

21. The balance of equities favors rejection of the Contracts and Leases effective as of the Petition Date. Without such relief, the Debtors will incur unnecessary administrative expenses related to such Contracts and Leases—agreements that do not provide a net benefit to the Debtors' estates in light of the Debtors' obligations thereunder without corresponding and commensurate benefits to the estates. *See* 11 U.S.C. § 365(d)(3). The counterparties to the Contracts and the landlords of the Leases will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date. Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on the counterparties to the Contracts and the landlords of the Leases, thereby allowing such parties sufficient opportunity to respond accordingly.

22. Any postponement of the effective date of rejection of the Contracts and Leases would force the Debtors potentially to incur unnecessary administrative expenses for Contracts and Leases that provide no benefit to these estates. Such an outcome would be inequitable to the Debtors' other stakeholders. The Debtors have sought the relief requested at the earliest possible moment in these chapter 11 cases as soon as they determined that the rejection of the Contracts and Leases was in the best interests of their estates and do not seek to reject the Contracts and Leases effective as of the Petition Date due to any undue delay on their own part.

23. This Court has approved relief similar to the relief requested herein. *See, e.g.*, *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. May 22, 2026) (authorizing rejection of executory contracts and unexpired leases and abandonment of related personal property, effective as of the petition date); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Aug. 5, 2025) (same); *In re New Rite Aid, LLC*, No. 25-14861 (MBK) (Bankr. D.N.J. May 7, 2025) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. July 25, 2024) (authorizing rejection of executory contract effective as of a specified date); *In re Sam Ash Corp.*, No. 24-14727 (SLM) (Bankr. D.N.J. July 1, 2024) (same); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. Apr. 4, 2024) (same); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Jan. 10, 2024) (authorizing rejection of unexpired leases and abandonment of related personal property, effective as of the petition date); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 29, 2023) (same); *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. July 20, 2023) (authorizing rejection of unexpired leases and abandonment of related personal property, effective as of a specified date); *In re L'Occitane, Inc.*, No. 21-10632

(MBK) (Bankr. D.N.J. Jan. 28, 2021) (authorizing rejection of unexpired leases and abandonment of related personal property, effective as of dates as early as the petition date).[6]

24. Accordingly, the Debtors respectfully submit that the Court should deem the Contracts and Leases rejected effective as of the Petition Date.

**IV. Abandonment of Any Personal Property Located at the Premises is Authorized by Section 554(a) of the Bankruptcy Code**

25. The abandonment of the Personal Property is appropriate and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Courts generally give a debtor in possession great deference to its decision to abandon property. *See In re Contract Research Solutions, Inc.*, 2013 WL 1910286, at *4 (Bankr. D. Del. May 1, 2013) ("In abandoning property under § 554, the debtor 'need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon.'"), *citing In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997). The right to abandon property is virtually unfettered, unless: (a) abandonment of the property will contravene laws designed to protect public health and safety; or (b) the property poses an imminent threat to the public's welfare. *See Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant under the instant facts.

26. The Debtors submit that any Personal Property left at any of the Premises is of inconsequential value to the Debtors' estates, or the costs to the Debtors of retrieving, marketing, and reselling the Personal Property will exceed the recoveries, if any, that the Debtors and their

---

[6] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

estates could reasonably obtain in exchange for such property. This Court previously approved similar relief in other chapter 11 cases. *See, e.g.*, *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. May 22, 2026) (authorizing abandonment of personal property remaining at premises subject to rejected leases); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Aug. 5, 2025) (same); *In re New Rite Aid, LLC*, No. 25-14861 (MBK) (Bankr. D.N.J. May 7, 2025) (same); *In re Sam Ash Corp.*, No. 24-14727 (SLM) (Bankr. D.N.J. July 1, 2024) (same); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Jan. 10, 2024) (same); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 29, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D. N.J. May 17, 2023) (same); *In re L'Occitane, Inc.*, No. 21-10632 (MBK) (Bankr. D. N.J. Jan. 28, 2021) (same).

27. Accordingly, the Debtors have determined, in the exercise of their sound business judgment, that abandonment of any Personal Property will be in the best interest of the Debtors and their estates.

**Requirements Under Bankruptcy Rule 6006(f) and Waiver of Bankruptcy Rule 6006(f)(6)**

28. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple contracts that are not between the same parties. It requires, in relevant part, that such a motion:

(1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(2) list parties alphabetically and identify the corresponding contract or lease;

(3) be numbered consecutively with other omnibus motions to reject executory contracts or unexpired leases; and

(4) be limited to no more than 100 executory contracts or unexpired leases.

29. The Debtors have satisfied the requirements of Bankruptcy Rule 6006(f)(1)-(2) and (5), but exceed the numerosity requirement of Bankruptcy Rule 6006(f)(6). The Motion seeks to reject in excess of 100 Contracts and/or Leases. The Debtors submit that a waiver of the numerosity

requirement of Bankruptcy Rule 6006(f)(6) is appropriate and justified in this case as inclusion of the additional contracts will not violate the spirit of the rule—to ensure counterparties receive effective notice of the motion and are able to locate their information in the schedules. *See In re Old Carco LLC*, 406 B.R. 180, 209-10 (Bankr. S.D.N.Y. 2009) (finding the waiver helps achieve the objective of an expeditious and economical administration of the cases and requiring the debtors to file separate rejection motions requesting the same relief would not have advanced the case process); *see also In re New Rite Aid, LLC*, No. 25-14861 (MBK) (Bankr. D.N.J. May 7, 2025) (authorizing the rejection of more than 100 contracts); *In re Wellpath Holdings, Inc.*, No. 24-90533 (ARP) (Bankr. S.D. Tex. Dec. 4, 2024) (approving procedures authorizing the rejection of more than 100 contracts notwithstanding the requirements under Bankruptcy Rule 6006(f)(6)); *In re Zen JV, LLC*, Case No. 25-11195 (JKS) (Bankr. D. Del. Nov. 10, 2025) (waiving the numerosity requirement of Bankruptcy Rule 6006(f)(6) to allow assumption of over 100 executory contracts); *In re Yellow Corp.*, Case No. 23-11069 (CTG) (Bankr. D. Del. Sept. 14, 2023) (waiving the numerosity requirement of Bankruptcy Rule 6006(f)(6) to allow rejection of 132 contracts and leases); *In re Emerald Oil, Inc.*, Case No. 16-10704 (KG) (Bankr. D. Del. Oct. 18, 2016) (allowing the assumption of 166 leases).

30. The Contracts and Leases the Debtors seek to reject are all listed in an organized and clear chart on **<u>Schedule 1</u>** attached to the Order. The Debtors submit that filing separate motions requesting the same relief would be unnecessary and administratively burdensome, and that doing so may create greater confusion among the counterparties than filing a single motion. Therefore, the Debtors respectfully request that the Court waive the numerosity requirements of Bankruptcy Rule 6006(f)(6).

## Reservation of Rights

31. Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) other than with respect to the Contracts and Leases, a request, approval, or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim.

## No Prior Request

32. No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

33. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) for the reasons set forth herein.

**Notice**

34. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to PIF as prepetition lender and DIP lender; (d) the office of the attorney general for each of the states in which the Debtors operate; (e) the United States Attorney's Office for the District of New Jersey; (f) the Internal Revenue Service; (g) the counterparties to the Contracts and Leases listed on **Schedule 1** to **Exhibit A**; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: September 8, 2026

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

- and -

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

# **Exhibit A**

**Proposed Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br><br>LIV GOLF NEW JERSEY LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-20189 (MBK)<br><br>(Joint Administration Requested) |

**ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EACH EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eight (8), is **ORDERED.**

---

[1] The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

Upon the *Debtors' First Omnibus Motion for Entry of an Order (I) Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Petition Date and (II) Granting Related Relief* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to reject the Contracts and Leases set forth on **Schedule 1** attached hereto, effective as of the Petition Date, (b) authorizing the Debtors to abandon any Personal Property located at each of the Premises, if any, effective as of the Petition Date, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Contracts and Leases identified on **Schedule 1** attached hereto are hereby rejected, and the Debtors' rights to possession of the Premises (as applicable) are terminated, effective as of the Petition Date. For the avoidance of doubt, rejection of the Player Contracts and Indemnification Agreement shall not affect any rights, licenses, or assignments previously granted or made to the Debtors under the Player Contracts and Indemnification Agreement, including with respect to content and Player identification rights, that by their express terms survive termination, all of which remain property of the Debtors' estates.

3. The Debtors shall not be liable for any administrative expenses arising after the Petition Date with respect to the Contracts and Leases.

4. The Debtors are authorized, but not directed, to remove or abandon any of the Debtors' personal property that may be located at the Premises; *provided*, *however*, that the Debtors shall remove from the Premises any of the Debtors' personal property or other assets that contain and/or consist of (i) any hazardous or toxic substances or materials (as such terms are defined under applicable law) (the "Hazardous Material"), and (ii) any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"). For the avoidance of doubt, and absent any sustained objection as it relates to the Debtors' personal property at the Premises, any and all property located at the Premises on the Petition Date, other

than the Hazardous Material and PII, shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Petition Date. The affected landlord may, in its sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

5. The Debtors do not waive any claims that they may have against any counterparty to the Contracts or Leases, whether such claims arise under, are related to the rejection of, or are independent of the Contracts or Leases.

6. Claims arising out of the rejection of the Contracts and Leases, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) days after the date of entry of this Order approving rejection of the Contracts and Leases. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection of the Contracts and Leases.

7. Nothing herein shall prejudice any party's rights to assert that the Contracts or Leases are not, in fact, executory within the meaning of section 365 of the Bankruptcy Code.

8. Nothing herein shall prejudice the rights of the Debtors to argue that any of the Contracts or Leases were terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the Contracts or Leases is limited to the remedies available under any applicable termination provision of such lease, sublease, or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

9. Notwithstanding anything to the contrary in the Motion or this Order, any payment made by the Debtors pursuant to the authority granted in this Order must be in compliance with and any authorization of the Debtors contained herein is subject to: (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith (in each case, the "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and this Order, the terms of the DIP Order shall control.

10. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.

11. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) other than with respect to the Contracts and Leases, a request, approval, or authorization to assume, adopt, or

reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any contract, lease, or sublease pursuant to section 365 of the Bankruptcy Code.

13. Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim.

14. Notwithstanding anything to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry hereof.

15. The numerosity requirements of Bankruptcy Rule 6006(f)(6) are waived for the Motion.

16. Notwithstanding Bankruptcy Rule 2002(a)(2), to the extent applicable, the Debtors

may limit service of the Motion only to the core service list and affected creditors. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Schedule 1

## Rejected Contracts and Leases[1]

1 For the avoidance of doubt, the Contracts referenced herein include any ancillary documents, including guaranties or assignments thereof, and any amendments, modifications, or termination agreements related thereto.

**Rejected Leases**

| Debtor Counterparty | Non - Debtor Counterparty | Non - Debtor Counterparty Address | Description of Lease | Location Address | Abandoned Property (if applicable) |
|---|---|---|---|---|---|
| LIV Golf Incorporated | 222 Lakeview, LLC | 222 Lakeview Ave, West Palm Beach, Florida, 33401 | West Palm Beach Office Lease & Related Agreements | Suite 1400 of the Esperante Corporate Center, 222 Lakeview Avenue, West Palm Beach, Florida | N/A |
| LIV Golf Incorporated | Blank Rome LLP | Blank Rome LLP<br>1271 Avenue of the Americas, New York, NY 10020<br>Attention: Chief Operating Officer<br>Email: shonette.gaston@blankrome.com<br><br>Blank Rome LLP<br>222 Lakeview Ave, Suite 1400, West Palm Beach, Florida, 33401<br>Attention: Office Chair<br><br>Blank Rome LLP<br>One Logan Square, 130 N. 18th Street, Philadelphia, PA 19103-6998<br>Attention: Director of Real Estate and<br>Strategic Space Planning<br>Email: brian.bygott@blankrome.com | West Palm Beach Office Sublease & Related Agreements | Suite 1400 of the Esperante Corporate Center, 222 Lakeview Avenue, West Palm Beach, Florida | N/A |
| LIV Golf Incorporated | Industrious SDL 15051 North Kierland Boulevard LLC | Industrious, Attention: Legal Department, 215 Park Avenue South, 12th Floor, New York, NY 10003, with a required copy by email to legal@industriousoffice.com | Scottsdale Membership Agreement | 15051 N Kierland Boulevard, Suite 300, Scottsdale, Arizona | N/A |

**Rejected Contracts**

| Debtor Counterparty | Non - Debtor Counterparty | Non - Debtor Counterparty Address | Description of Contract |
|---|---|---|---|
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Ancer, Abraham | [Redacted] | Abraham Ancer Consent & Acknowledgement |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Ancer, Abraham; Abraham Ancer Golf, LLC | [Redacted] | Abraham Ancer Player Participation Agreement & Related Agreements |
| LIV Golf Ltd | Andy Ogletree | [Redacted] | Andy Ogletree Sponsorship Agreement |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Asaji, Yosuke | [Redacted] | Yosuke Asaji Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Holdings Ltd; LIV Golf Incorporated | Bekker, Oliver | [Redacted] | Oliver Bekker Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 12, LLC | Bland, Richard | [Redacted] | Richard Bland Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; Fairway TM Co 1, LLC; LIV Golf Holdings Ltd | Brendan Steele Inc.; Steele, Brendan | [Redacted] | Brendan Steele Player Participation Agreement & Related Agreements |
| LIV Golf Incorporated; Fairway TM Co 2, LLC | [Redacted] | [Redacted] | [Redacted] |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 6, LLC | Burmester, Dean | [Redacted] | Dean Burmester Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Camden Ventures Ltd; Henrik Stenson | [Redacted] | Henrik Stenson LIV Golf Letter Agreement dated May 10, 2022 |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Camden Ventures Ltd; Ian Poulter | [Redacted] | Ian Poulter LIV Golf Letter Agreement dated May 10, 2022 |
| LIV Golf Ltd; Fairway TM Co 4, LLC; LIV Golf Holdings Ltd; LIV Golf Incorporated | Campbell, Ben | [Redacted] | Ben Campbell Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 8, LP | Canter, Laurie | [Redacted] | Laurie Canter Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Carrera, Luis | [Redacted] | Luis Carrera Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; Fairway TM Co 3, LLC; LIV Golf Holdings Ltd | Casey, Paul | [Redacted] | Paul Casey Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Catlin, John | [Redacted] | John Catlin Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 3, LLC | CH3 Golf, Inc.; Howell III, Charles | [Redacted] | Charles Howell III Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Chacarra, Eugenio; Eugenio Lopez Chacarra, LLC | [Redacted] | Eugenio Lopez Chacarra Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Chieh-Po Lee | [Redacted] | Chieh-Po Lee Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Events Ltd; Fairway TM Co 4, LLC | Uihlein, Peter; Rightsco Cowboy Golf5, LLC | [Redacted] | Peter Uihlein Player Participation Agreement & Related Agreements |
| LIV Golf Incorporated; Fairway TM Co 3, LLC | DeChambeau, Bryson; BAD Enterprises | [Redacted] | Bryson DeChambeau Letter Agreement with LIV Golf dated February 6, 2025 |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | DeChambeau, Bryson; BAD Enterprises, Inc. | [Redacted] | Bryson DeChambeau Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; Fairway TM Co 10, LLC; LIV Golf Holdings Ltd | Detry, Thomas | [Redacted] | Thomas Detry Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Dustin Johnson Enterprises, Inc.; Johnson, Dustin | [Redacted] | Dustin Johnson LIV Golf Agreement dated July 1, 2025 |
| Wedge IP Management Co, LLC; Wedge IP Management Co, LTD | Dustin Johnson Enterprises, Inc.; Johnson, Dustin | [Redacted] | Dustin Johnson Player License and Services Agreement |
| LIV Golf Ltd; Fairway TM Co 5, LLC; LIV Golf Incorporated; LIV Golf Holdings Ltd | Garcia, Sergio; Even Par LLC | [Redacted] | Sergio Garcia Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd; Fairway TM Co 2, LLC | Gooch, Talor | [Redacted] | Talor Gooch Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 6, LLC | Grace, Branden; BG Golf | [Redacted] | Branden Grace Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Blocker 13, LLC | Hatton, Tyrrell; Tyrrell Hatton Golf Limited | [Redacted] | Tyrrell Hatton Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Hellgren, Bjorn | [Redacted] | Bjorn Hellgren Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd; Fairway TM Co 9, LLC | Herbert, Lucas | [Redacted] | Lucas Herbert Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; Fairway TM Co 8 GP, LLC; LIV Golf Holdings Ltd | Horsfield, Sam | [Redacted] | Sam Horsfield Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd; Fairway TM Co 11, LLC | Hun An, Byeong | [Redacted] | Ben An Player Participation Agreement & Related Agreements |

**Rejected Contracts**

| Debtor Counterparty | Non - Debtor Counterparty | Non - Debtor Counterparty Address | Description of Contract |
|---|---|---|---|
| LIV Golf Ltd; LIV Golf Incorporated; Fairway TM Co 11, LLC; LIV Golf Holdings Ltd | Hun An, Byeong | [Redacted] | Byeong Hun An Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; Fairway TM Co 11, LLC; LIV Golf Holdings Ltd | Hun An, Byeong | [Redacted] | Byeong Hun An Player Term Sheet |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 11, LLC | Jang, Yubin | [Redacted] | Yubin Jang Player Participation Agreement & Related Agreements |
| Fairway TM Co 10, LLC | Johnson, Dustin; Dustin Johnson Enterprises, Inc. | [Redacted] | Dustin Johnson LIV Golf Letter Agreement dated July 1, 2025 |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Johnson, Dustin; Dustin Johnson Enterprises, Inc. | [Redacted] | Dustin Johnson Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Ltd; LIV Golf Incorporated | Jon Rahm Rodriguez; Rahm LLC | [Redacted] | Jon Rahm Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 9, LLC | Jones, Matt | [Redacted] | Matt Jones Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 5, LLC | Josele Ballester LLC; Jose Luis Ballester Barrio | [Redacted] | Jose Luis Ballester Barrio Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd; Fairway TM Co 10, LLC | Kim, Anthony | [Redacted] | Anthony Kim Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; Fairway TM Co 11, LLC; LIV Golf Incorporated; LIV Golf Holdings Ltd | Kim, Minkyu | [Redacted] | Minkyu Kim Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Kim, Sihwan | [Redacted] | Sihwan Kim Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 12, LLC | Kjettrup, Frederik | [Redacted] | Frederik Kjettrup Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Koepka, Brooks; Brooks Koepka Golf LLC | [Redacted] | Brooks Koepka Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Koepka, Chase; Freedman & Taitelman, LLP | [Redacted] | Chase Koepka Player Participation Agreement & Related Agreements |
| Wedge IP Management Co, LLC; Wedge IP Management Co, LTD | Kokrak, Jason | [Redacted] | Jason Kokrak Player License and Services Agreement |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 2, LLC | Kokrak, Jason | [Redacted] | Jason Kokrak Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 11, LLC | Kozuma, Jinichiro | [Redacted] | Jinichiro Kozuma Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd; Fairway TM Co 1, LLC | La Sasso, Michael; Birdie Golf, LLC | [Redacted] | Michael La Sasso Player Participation Agreement & Related Agreements |
| LIV Golf Incorporated; LIV Golf Ltd; LIV Golf Holdings Ltd; Fairway TM Co 3, LLC | Lahiri, Anirban | [Redacted] | Anirban Lahiri Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 11, LLC | Lee, Danny | [Redacted] | Danny Lee Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Lee, Richard | [Redacted] | Richard Lee Player Participation Agreement & Related Agreements |
| LIV Golf Incorporated | Leishman, Marc | [Redacted] | Marc Leishman LIV Golf Letter Agreement dated July 22, 2022 |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; | Leishman, Marc; Marc Leishman Enterprises, LLC | [Redacted] | Marc Leishman Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; Fairway TM Co 5, LLC; LIV Golf Incorporated; LIV Golf Holdings Ltd | Masaveu, Luis | [Redacted] | Luis Masaveu Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Max Rottluff | [Redacted] | Max Rottluff Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd; Fairway TM Co 2, LLC | McDowell, Graeme | [Redacted] | Graeme McDowell Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Meronk, Adrian | [Redacted] | Adrian Meronk Consent and Acknowledgement |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 12, LLC | Meronk, Adrian | [Redacted] | Adrian Meronk Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 1, LLC | Mickelson, Phil | [Redacted] | Phil Mickelson LIV Golf Letter Agreement dated February 22, 2023 |
| LIV Golf Ltd | Niemann, Joaquin; Joaquin Niemann, LLC | [Redacted] | Joaquin Nieman LIV Golf Letter Agreement dated August 28, 2022 |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 12, LLC | mk sports GmbH & Co.KG; Martin Kaymer | [Redacted] | Martin Kaymer Player Participation Agreement & Related Agreements |
| LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 11, LLC | Mun, Doyeob | [Redacted] | Doyeob Mun Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Munoz, Sebastian | [Redacted] | Sebastian Munoz Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Na, Kevin; NSW Inc. | [Redacted] | Kevin Na Player Participation Agreement & Related Agreements |

**Rejected Contracts**

| Debtor Counterparty | Non - Debtor Counterparty | Non - Debtor Counterparty Address | Description of Contract |
|---|---|---|---|
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Niemann, Joaquin; Joaquin Niemann, LLC | [Redacted] | Joaquin Niemann Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 1, LLC | Ogletree, Andy | [Redacted] | Andy Ogletree Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Ollie Schniederjans | [Redacted] | Ollie Schniederjans Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 6, LLC | Oosthuizen, Louis | [Redacted] | Louis Oosthuizen Player Participation Agreement & Related Agreements |
| LIV Golf Incorporated; LIV Golf Ltd | Ormsby, Wade | [Redacted] | Wade Ormsby Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Ortiz, Carlos | [Redacted] | Carlos Ortiz Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Holdings Ltd; LIV Golf Incorporated | Pagdin, Joseph | [Redacted] | Joseph Pagdin Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Holdings Ltd; LIV Golf Incorporated; Fairway TM Co 7, LLC | Pereira Hinke, Guillermo "Mito" | [Redacted] | Guillermo Pereira Hinke (Mito) Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 10, LLC | Perez, Pat | [Redacted] | Pat Perez Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Holdings Ltd; LIV Golf Incorporated | Perez, Victor Vincent | [Redacted] | Victor Perez Consent and Acknowledgement LIV Golf 230226 |
| LIV Golf Ltd; LIV Golf Holdings Ltd; LIV Golf Incorporated; Fairway TM Co 12, LLC | Perez, Victor Vincent | [Redacted] | Victor Perez Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Julian Perico Ibarcena | [Redacted] | Julian Perico Ibarcena Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Pettit, Turk | [Redacted] | Turk Pettit Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 1, LLC | Philip A Mickelson of c/o Frank Marzano, GM Advisory Group Inc | [Redacted] | Phil Mickelson LIV Golf Letter Agreement dated February 12, 2025 |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 1, LLC | Philip A Mickelson of c/o Frank Marzano, GM Advisory Group Inc | [Redacted] | Phil Mickelson Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd; Fairway TM Co 10, LLC | Pieters, Thomas; TPM BV (formerly Thomas Pieters Management BVBA) | [Redacted] | Thomas Pieters Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Piot, James | [Redacted] | James Piot Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Holdings Ltd; LIV Golf Incorporated; Fairway TM Co 8, LP | Poulter, Ian | [Redacted] | Ian Poulter Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd; Fairway TM Co 5, LLC | Puig, David | [Redacted] | David Puig Player Participation Agreement & Related Agreements |
| Wedge IP Management Co, LLC; Wedge IP Management Co, LTD | Rahm LLC; Jon Rahm Rodriguez | [Redacted] | Jon Rahm Player License and Services Agreement |
| LIV Golf Ltd; LIV Golf Holdings Ltd; LIV Golf Incorporated | Rama, Nikhil | [Redacted] | Nikhil Rama Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Reed, Patrick; Team Reed Enterprises, Inc | [Redacted] | Patrick Reed Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Blocker 12, LLC | Samooja, Kalle; KS Golf Oy | [Redacted] | Kalle Samooja Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd; Fairway TM Co 8, LP | Schmidt, Benjamin | [Redacted] | Ben Schmidt Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 6, LLC | Schwartzel, Charl | [Redacted] | Charl Schwartzel Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Smith, Cameron; Golf Dude Enterprises | [Redacted] | Cameron Smith LIV Golf Letter Agreement dated February 10, 2023 |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Smith, Cameron; Golf Dude Enterprises, LLC | [Redacted] | Cameron Smith Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; Fairway TM Co 9, LLC; LIV Golf Holdings Ltd | Smylie, Elvis | [Redacted] | Elvis Smylie Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; Fairway TM Co 11, LLC; LIV Golf Holdings Ltd | Song, Younghan | [Redacted] | Younghan Song Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Stenson, Henrik | [Redacted] | Henrik Stenson Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd; Fairway TM Co 13, LLC | Surratt, Caleb | [Redacted] | Caleb Surratt Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Swafford, Hudson; Hudson Swafford Golf, LLC | [Redacted] | Hudson Swafford Player Participation Agreement & Related Agreements |
| LIV Golf Incorporated; LIV Golf Ltd | Tabuena, Miguel | [Redacted] | Miguel Tabuena Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Tom McKibbin | [Redacted] | Tom McKibbin Player Participation Agreement & Related Agreements |
| LIV Golf Incorporated; LIV Golf Ltd | Travis Smyth | [Redacted] | Wild Card Agreement |

**Rejected Contracts**

| Debtor Counterparty | Non - Debtor Counterparty | Non - Debtor Counterparty Address | Description of Contract |
|---|---|---|---|
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Tringale, Cameron | [Redacted] | Cameron Tringale Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Truslow, Austen | [Redacted] | Austen Truslow Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; Fairway TM Co 2, LLC; LIV Golf Holdings Ltd; LIV Golf Incorporated | Varner III, Harold; HV3 Golf Inc | [Redacted] | Harold Varner III Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Vincent, Kieran | [Redacted] | Kieran Vincent Player Participation Agreement & Related Agreements |
| LIV Golf Incorporated; LIV Golf Holdings Ltd; LIV Golf Ltd; Fairway TM Co 1, LLC | Vincent, Scott | [Redacted] | Scott Vincent LIV Golf Letter Agreement dated June 27, 2026 |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd | Vincent, Scott | [Redacted] | Scott Vincent Player Participation Agreement & Related Agreements |
| LIV Golf Incorporated; LIV Golf Ltd | Wang, Jeunghun | [Redacted] | Jeunghun Wang Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated | Watson, Gerry (Bubba) | [Redacted] | Gerry L. "Bubba" Watson LIV Golf Letter Agreement dated January 5, 2022 |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Watson, Gerry (Bubba) | [Redacted] | Gerry L. "Bubba" Watson Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; LIV Golf Incorporated; LIV Golf Holdings Ltd; Fairway TM Co 8, LP | Westwood, Lee | [Redacted] | Lee Westwood Player Participation Agreement & Related Agreements |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Westwood, Lee; Camden Ventures Ltd | [Redacted] | Lee Westwood LIV Golf Letter Agreement dated May 10, 2022 |
| LIV Golf Holdings Ltd; LIV Golf Incorporated; LIV Golf Ltd | Wiesberger, Bernd | [Redacted] | Bernd Wiesberger Player Participation Agreement & Related Agreements |
| LIV Golf Ltd; Fairway TM Co 4, LLC; LIV Golf Holdings Ltd; LIV Golf Incorporated | Wolff, Matthew | [Redacted] | Matthew Wolff Player Participation Agreement & Related Agreements |
| LIV Golf Incorporated; LIV Golf Ltd | Yang, Jiho | [Redacted] | Jiho Yang Player Participation Agreement & Related Agreements |
| LIV Golf Incorporated; LIV Golf Ltd | Young, David Cameron | [Redacted] | Cameron Young LIV Golf Letter Agreement dated July 24, 2022 |
| Fairway TM Co 6, LLC | 2:23AM LTD | [Redacted] | Strategic Advisory |
| LIV Golf Ltd | A Lot Creative LLC-FZ (Henni Koyack) | [Redacted] | Broadcast Talent |
| Fairway TM Co 7, LLC | Augusto Bullrich | [Redacted] | Medical Services |
| LIV Golf Incorporated | Brett Rumford | [Redacted] | Broadcast Talent |
| Fairway TM Co 6, LLC | Capitalize Media (Pty) Ltd | [Redacted] | Sponsorship Sales |
| Fairway TM Co 6, LLC | Cato Louw | [Redacted] | Broadcast Talent |
| LIV Golf Incorporated | Colsaerts Management FZCO DSO -IZFA (Nicolas Colsaerts) | [Redacted] | Broadcast Talent |
| Fairway TM Co 13, LLC | Dr. Harry Sese | [Redacted] | Medical Services |
| Fairway TM Co 11, LLC | Dynamic Athletic Performance, LLC | [Redacted] | Medical Services |
| LIV Golf Incorporated | ECD Sport Coaching Services LLC (Rachel Drummond) | [Redacted] | Broadcast Talent |
| LIV Golf Investments Ltd, LIV Golf Ltd | Emplifi, Inc. | [Redacted] | Social Media Support |
| Fairway TM Co 7, LLC | Ericka Lozano | [Redacted] | Medical Services |
| LIV Golf Incorporated, LIV Golf Ltd | Evam Media Ltd (Arlo White) | [Redacted] | Broadcast Talent |
| Fairway TM Co 8, LP | Evolution Sports Right Limited | [Redacted] | Sponsorship Sales |
| Fairway TM Co 12, LLC | Future Wave Digital LLC | [Redacted] | Social Media Support |
| LIV Golf Incorporated, LIV Golf Ltd | Gerald D. Foltz | [Redacted] | Broadcast Talent |
| Fairway TM Co 6, LLC | Ignus Kempen | [Redacted] | Business Advisor Services |
| Fairway TM Co 4, LLC | Integrity 9, LLC | [Redacted] | Sponsorship Sales |
| Fairway TM Co 2, LLC | Intrepid XXII, LLC (Preston Lyon) | [Redacted] | Sponsorship Sales |
| Fairway TM Co 5, LLC | JG Golf 18.0 S.L. | [Redacted] | Sponsorship Sales |
| Fairway TM Co 6, LLC | Karen Frye | [Redacted] | Medical Services |
| Fairway TM Co 6, LLC | Kreative Mind Productions (Pty) Ltd | [Redacted] | Social Media Support |
| LIV Golf Events Ltd, LIV Golf Incorporated | Live Nation Worldwide, Inc | [Redacted] | Concert Booking |
| Fairway TM Co 12, LLC | MAQ Performance AB (Pierre Johansson) | [Redacted] | Medical Services |
| Fairway TM Co 9, LLC | Midwestmedia LLC dba Cheat Code Agency | [Redacted] | Social Media Support |
| Fairway TM Co 6, LLC, | Navigant Cricket (pty) Ltd | [Redacted] | Influencer Services Agreement |
| Fairway TM Co 6, LLC | Nicolene Potgieter | [Redacted] | Travel & Logistics Services |
| LIV Golf Incorporated | Onit, Inc | [Redacted] | Contract Management Services |
| LIV Golf Incorporated | Onit, Inc | [Redacted] | Contract Management Software |
| LIV Golf Ltd | PhotoShelter (Socialie) | [Redacted] | Social Media Support |
| Fairway TM Co 2, LLC | Preston Lyon | [Redacted] | Strategic Advisory |
| LIV Golf Ltd | Pulse Innovations Ltd | [Redacted] | Digital Services |
| LIV Golf Incorporated | Respondology, LLC | [Redacted] | Social Media Support |
| LIV Golf Incorporated | Rick Shiels Media Limited | [Redacted] | Services Agreement |
| Fairway TM Co 6, LLC | Right Here Right Now (RHRN) | [Redacted] | Production |
| LIV Golf Incorporated | Scrottlevision, LLC (David Feherty) | [Redacted] | Broadcast Talent |
| LIV Golf Incorporated; LIV Golf Ltd. | Scrottlevision, LLC (David Feherty); JPMorgan Chase Bank N.A. | [Redacted] | Escrow Agreement |
| LIV Golf Ltd, LIV Golf Incorporated | Slate Digital, Inc. | [Redacted] | Digital Services |
| Fairway TM Co 8, LP | Soap Box London Limited | [Redacted] | Public Relations |
| Fairway TM Co 1, LLC | Sportfive Golf, LLC | [Redacted] | Sponsorship Sales |
| Fairway TM Co 13, LLC | Sportfive Golf, LLC | [Redacted] | Sponsorship Sales |
| Fairway TM Co 12, LLC | Sportyard International AB | [Redacted] | Strategic Advisory |
| LIV Golf Ltd | Su-Ann Heng | [Redacted] | Broadcast Talent |
| LIV Golf Ltd | The Office of the United Nations High Commissioner for Refugees | [Redacted] | Charity |
| LIV Golf Events Ltd | The Valderrama Foundation | [Redacted] | Foundation Partnership Agreement |
| LIV Golf Ltd, LIV Golf Incorporated | Twenty First Group Limited | [Redacted] | Strategic Advisory |

**Rejected Contracts**

| Debtor Counterparty | Non - Debtor Counterparty | Non - Debtor Counterparty Address | Description of Contract |
|---|---|---|---|
| Fairway TM Co 4, LLC | Tyler Opitz Sports Rehab LLC | [Redacted] | Medical Services |
| LIV Golf Incorporated | Venture Government Strategies, LLC | [Redacted] | Strategic Advisory |
| Fairway TM Co 10, LLC | William Morris Endeavor Entertainment, LLC (WME) | [Redacted] | Sponsorship Sales |