**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| LIV GOLF NEW JERSEY LLC, *et al.*, | Case No. 26-20189 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CONFIDENTIAL INFORMATION CONTAINED IN THE DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EACH EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

[1] The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion to Seal"):[2]

**Relief Requested**

1. By this Motion to Seal, the Debtors seek entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to file under seal certain confidential information contained in the *Debtors' First Omnibus Motion for Entry of an Order (I) Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Petition Date and (II) Granting Related Relief* [Docket No. 24] (the "Rejection Motion").[3] In support of this Motion to Seal, the Debtors rely upon the Rejection Motion which is incorporated herein by reference.

2. For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties-in-interest and, therefore, should be granted.

**Jurisdiction and Venue**

3. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). The Debtors confirm their consent to the Court entering a final order in

---

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Orlofsky, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

[3] Capitalized terms not otherwise defined in this Motion to Seal shall have the meaning ascribed to them in the Rejection Motion. The proposed redacted version of the Rejection Motion is located at Docket No. 24.

connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and legal predicates for the relief requested herein are section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## Background

### I. The Chapter 11 Cases

6. On September 8, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

7. On the Petition Date, the Debtors filed the Rejection Motion, requesting entry of an order authorizing the Debtors to (a) reject the Contracts and Leases effective as of the Petition Date, and (b) abandon any Personal Property located at each of the Premises, if any, effective as of the Petition Date. The list of Contracts includes (i) Player Separation Agreements which were entered into between the Debtors and certain former Players prior to the Petition Date, at least one of which contains a non-disclosure agreement and (ii) Player Contracts and Indemnification Agreements entered into between the Debtors and certain Players prior to the Petition Date.

## Basis for Relief Requested

### II. The Confidential Information Is Commercially Sensitive

8. As set forth in the Rejection Motion, the Debtors, with the assistance of their advisors, have determined, in their business judgment, that the Contracts and Leases (a) are no longer required to operate the Debtors' business, (b) do not provide any value to the Debtors' estates, and/or (c) may give rise to additional claims against the Debtors without any corresponding benefit to the estates if they are not rejected as of the Petition Date. Accordingly, through the Rejection Motion, the Debtors seek to reject the Contracts and Leases, pursuant to section 365(a) of the Bankruptcy Code, to avoid the incurrence of any additional unnecessary expenses related to the Contracts and Leases and the maintenance of the Premises.

9. The Rejection Motion includes reference in Schedule 1 to the proposed order for (i) one Player Separation Agreement, the terms and existence of which are subject to confidentiality provisions set forth in such agreement (the "Commercial Information") and (ii) Player Contracts and Indemnification Agreements with certain Players, including home addresses and personal email addresses (the "Personal Information" and together with the Commercial Information, the "Confidential Information").

10. More specifically, the Player Separation Agreement contains specific and detailed terms regarding releases, payment amounts, and ongoing business arrangements, the disclosure of which would cause competitive and commercial harm to the parties. Thus, the Debtors submit that the Commercial Information is commercially sensitive and may not be disclosed under the terms of the parties' agreements. In addition, given the high-profile celebrity nature of the Players, disclosure of the Personal Information, would create a real risk to the safety of the Players and

could be used to harm or harass them. Thus, the Debtors submit that it is appropriate to grant them authority to redact and file under seal such Confidential Information.[4]

11. Consistent with the Creditor Matrix Motion, the Debtors propose providing, on a confidential basis, the unsealed Rejection Motion to the following parties: (a) this Court, (b) the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee"), (c) the affected counterparty to the Player Separation Agreement, (d) the affected counterparties to the Player Contracts and Indemnification Agreements and (e) other parties in interest upon reasonable request; *provided, however,* that such parties in interest shall only receive the unsealed Rejection Motion (i) at the discretion of the Debtors (subject to an appropriate non-disclosure agreement) or (ii) upon entry of an Order of the Court granting a written motion; and *provided further,* that, except with respect to the Court, the unsealed Rejection Motion shall be provided on a strictly confidential, "professionals' eyes only" basis, and each receiving party shall (i) limit access to the unredacted information to its attorneys and other professionals, (ii) not disclose the unredacted information to any other person or entity, including, in the case of counsel to any official committee, the individual members of such committee, without the prior written consent of the Debtors or further order of the Court, and (iii) use the unredacted information solely in connection with these chapter 11 cases and not for any other purpose (collectively, the "Disclosure Parties").

---

[4] Contemporaneously with this Motion to Seal, the Debtors filed the *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information of Individuals, and (D) Serve Certain Parties in Interest by Email and (II) Granting Related Relief* [Docket No. 19] (the "Creditor Matrix Motion") which, among other things, seeks authority to redact the home and email addresses of all natural persons from documents the Debtors file with the Court. Out of an abundance of caution, given the Creditor Matrix Motion is currently pending, the Debtors seek equivalent relief in this Motion to Seal with respect to the Confidential Information of the Players set forth in the Rejection Motion.

**III. Bankruptcy Code Section 107(b) Authorizes the Court to Seal the Commercial Information Related to the Player Separation Agreement**

12. Although the public has a common-law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. 11 U.S.C. § 107(b); Fed. R. Bankr. P. 9018; *see also Cendant*, 260 F.3d at 194 (the public's right of access "is not absolute") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although 'the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.'").

13. In proceedings under the Bankruptcy Code, the limits on the public's right of access are a matter of statute. *See* 11 U.S.C. § 107(b). Specifically, Bankruptcy Code section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." *Id.* Bankruptcy Rule 9018 implements Bankruptcy Code section 107(b) and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

14. Courts define commercial information as "information which would result in 'an unfair advantage to competitors by providing them information as to the operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27-28 (2d Cir. 1994)); *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). In addition, commercial

information "need not rise to the level of a trade secret to qualify for protection under section 107(b)…" *In re Borders Grp., Inc.*, 462 B.R. at 47; *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015). Rather, commercial information includes situations where a court could reasonably determine that disclosure would have a "chilling effect" on business negotiations or the viability of the Debtors. *In re Borders Grp., Inc.*, 462 B.R. at 47

15. Once a court determines that the information in question falls within one of the enumerated categories in Bankruptcy Code section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* The Court has broad authority to issue such an order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

16. Courts have recognized that agreements containing financial terms, payment obligations, certain identities, release provisions, and other commercial arrangements constitute the type of confidential commercial information that Section 107(b) was designed to protect. *See, e.g., In re Orion Pictures Corp.*, 21 F.3d at 27–28 (finding that the disclosure of agreement terms would adversely impact the company's ability to negotiate favorable agreements with other parties); *In re Kwok*, 2025 WL 368519, at *7 (Bankr. D. Conn. Feb. 3, 2025) (sealing terms of settlement agreement relating to the debtor's commercial operations); *In re Altegrity, Inc.*, 2015 WL 10963572, at *4 (sealing identities of independent contractors under Section 107(b)); *In re Northstar Energy, Inc.*, 315 B.R. 425, 430 (Bankr. E.D. Tex. 2004) (holding that list of investors critical to debtor's business was commercial information); *In re Frontier Grp., LLC*, 256 B.R. 771,

773 (Bankr. E.D. Tenn. 2000) (finding list of physician names that brokerage agency used to staff hospitals was commercial information).

17. The Commercial Information constitutes "confidential … commercial information" within the meaning of Section 107(b)(1). In particular, requiring the Debtors to disclose the nature of the settlement terms or the identities of the settlement parties will adversely impact the Debtors' ongoing business operations and negotiations with other Players in the future. Such disclosures would further deter the Debtors from settling disputes with other parties during the pendency of the bankruptcy proceedings.

18. In addition, courts regularly consider the existence of a non-disclosure agreement in determining whether a document contains confidential information and therefore should be sealed. *See, e.g., City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, No. 2:12-cv-05275 (MCA) (LDW), 2016 WL 234838, at *2-4 (D.N.J. Jan. 19, 2016) (granting motions to seal exhibits, citing the application of non-disclosure agreements to the documents as one factor); *Ramirez v. Temin & Co., Inc.*, No. 20 Civ. 6258 (ER), 2020 WL 6781222, at *4 (S.D.N.Y. Nov. 18, 2020) ("When a document is protected by a non-disclosure agreement, it will serve as an additional, although not dispositive, factor in determining whether the document contains confidential information or a trade secret and therefore should be sealed.").

19. The parties' mutual decision to include a non-disclosure agreement in the Player Separation Agreement further reflects their reasonable expectation that the specific terms of their agreement would remain private. Indeed, permitting public access to existence and settlement terms that the parties expressly agreed to keep confidential would fundamentally undermine the reasonable commercial expectations upon which it was based. The confidentiality provisions in

the Player Separation Agreement are not a mere afterthought; they were carefully negotiated and material to the terms of the agreement.

20. Based on the foregoing, the Debtors submit that the Commercial Information is sensitive and confidential, and should not be publicly disclosed for the reasons stated above. The Commercial Information, however, will still be provided to the Disclosure Parties to the extent described herein, thereby alleviating concerns about stakeholders' ability to access such information as needed.

**IV. Bankruptcy Code Section 107(c) Authorizes the Court to Seal the Personal Information**

21. Section 107 of the Bankruptcy Code authorizes the Court to issue orders to prevent disclosing information that could result in potential harm. Section 107(c) of the Bankruptcy Code provides, in pertinent part, as follows:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

22. Respectfully, the Debtors submit that it is appropriate to grant them authority to redact the home addresses and email addresses of the Players from Schedule 1. The Personal Information could be used by various bad actors to harm or harass the Players, and these risks are heightened due to the high-profile celebrity nature of the Players.

23. As discussed in more detail in the Creditor Matrix Motion, courts in this district, and within this circuit, have granted such relief in comparable chapter 11 cases. *See, e.g., In re*

*SIMAD Holdings Ltd.*, No. 26-16388 (CMG) (Bankr. D.N.J. June 25, 2026) (authorizing the debtors to redact the home and email addresses of natural persons from any filings with the court or made publicly available); *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. May 21, 2026) (authorizing the debtors to redact the home and email addresses of natural persons listed on the creditor matrix, schedules and statements, and other documents filed with the court); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 10, 2026) (same); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Aug. 5, 2025) (same); *In re Powin, LLC*, No. 25-16137 (MBK) (Bankr. D.N.J. July 15, 2025) (same); *In re New Rite Aid, LLC*, No. 25-14861 (MBK) (Bankr. D.N.J. June 9, 2025) (same); *In re Joann Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. Aug. 26, 2024) (same); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. June 11, 2024) (same); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) (same); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Dec. 20, 2023) (same); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 30, 2022) (same).[5]

24. For the reasons stated above, the Debtors submit that the Personal Information should not be publicly disclosed. The Personal Information, however, will still be provided to the Disclosure Parties to the extent described herein, thereby alleviating concerns about stakeholders' ability to access such information as needed.

25. Accordingly, based on the foregoing facts and authorities, the Debtors respectfully submit that the relief requested in this Motion to Seal should be granted.

---

5 Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

**No Prior Request**

26. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

**Notice**

27. The Debtors will provide notice of this Motion to Seal to the following parties or their respective counsel: (a) the United States Trustee for the District of New Jersey; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to PIF as prepetition lender and DIP lender; (d) the office of the attorney general for each of the states in which the Debtors operate; (e) the United States Attorney's Office for the District of New Jersey; (f) the counterparties to the Contracts and Leases; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: September 8, 2026

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

\- and -

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

# **<u>Exhibit A</u>**

## **Proposed Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
|---|---|
| In re: | Chapter 11 |
| LIV GOLF NEW JERSEY LLC, *et al.*, | Case No. 26-20189 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

**ORDER CONCERNING REQUEST TO SEAL DOCUMENTS**

The relief set forth on the following page, numbered three (3), is **ORDERED**.

1 The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

Upon the motion (the "Motion to Seal")[1] of the above-captioned debtors and debtors in possession, to redact and file under seal the Confidential Information in an unredacted version of the Rejection Motion and the schedule attached thereto; and the court having considered the request and any objection thereto, it is

☐ ORDERED that the request is denied and the underlying document(s) shall be deleted from the court's electronic filing system.

☐ ORDERED that the request is granted and the document(s) shall be sealed until the expiration of the judiciary records retention period at which time the document will be permanently deleted.

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Seal.