Caption in Compliance with D.N.J. LBR 9004-1(b)

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br><br>LIV GOLF NEW JERSEY LLC, *et al.*,<br>Debtors.[1] | Chapter 11<br><br>Case No. 26-20189 (MBK)<br><br>(Jointly Administered) |

**Order Filed on September 10, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

**INTERIM ORDER (I) APPOINTING AND AUTHORIZING A FOREIGN REPRESENTATIVE TO ACT FOR THE DEBTORS IN A FOREIGN PROCEEDING, (II) AUTHORIZING THE PAYMENT OF COSTS RELATED TO FOREIGN PROCEEDINGS, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is **ORDERED**.

**DATED: September 10, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

[1] The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (*pro hac vice* pending)
Matthew J. Williams (*pro hac vice* pending)
Keith R. Martorana (*pro hac vice* pending)
Robert E. Fitzgerald (*pro hac vice* pending)
Tommy Scheffer (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Appointing and Authorizing a Foreign Representative to Act for the Debtors in a Foreign Proceeding, (II) Authorizing the Payment of Costs Related to Foreign Proceedings, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) appointing and authorizing David Orlofsky to act as the Foreign Representative on behalf of the Debtors' estates in the UK Proceeding of each of the UK Debtors pursuant to section 1505 of the Bankruptcy Code; (b) authorizing the payment of certain fees, expenses and costs associated with the Jersey Proceeding pursuant to the supervision of the Jersey Court; (c) granting related relief; and (d) scheduling a final hearing (the "Final Hearing") to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter an interim order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

2 Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Final Hearing on the Motion will be held on **October 7, 2026 at 11:30 a.m. (Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the following parties on or before **September 30, 2026 at 4:00 p.m. (Eastern Time)**: (i) proposed counsel to the Debtors, (a) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn. Scott J. Greenberg (sgreenberg@gibsondunn.com), Matthew J. Williams (mjwilliams@gibsondunn.com), Keith R. Martorana (kmartorana@gibsondunn.com), Robert E. Fitzgerald (rfitzgerald@gibsondunn.com), and Tommy Scheffer (tscheffer@gibsondunn.com) and (b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn. Michael D. Sirota (msirota@coleschotz.com), Warren A. Usatine (wusatine@coleschotz.com), Seth Van Aalten (svanaalten@coleschotz.com), Anthony De Leo (adeleo@coleschotz.com), and Matteo Percontino (mpercontino@coleschotz.com); (ii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100 Newark, New Jersey 07102, Attn. Jeffrey M. Sponder (Jeffrey.M.Sponder@usdoj.gov) and Rachel Wolf (Rachel.Wolf@usdoj.gov); (iii) counsel to the PIF, Attn. Kim Havlin (kim.havlin@whitecase.com), Scott Greissman (sgreissman@whitecase.com), Elizabeth Feld (efeld@whitecase.com), Gregory Pesce (gregory.pesce@whitecase.com), Andrea Kropp

(andrea.kropp@whitecase.com); and (iv) if any statutory committee has been appointed in these chapter 11 cases, counsel to such committee. If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3. Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

4. David Orlofsky is hereby appointed, on a final basis, as Foreign Representative of each of LIV Golf Ltd and LIV Golf Events Ltd., and authorized to act on behalf of the UK Debtors' estates in connection with the UK Proceeding. As Foreign Representative, Mr. Orlofsky shall be authorized and shall have the power to act in any way permitted by applicable foreign law, including, but not limited to, (a) seeking recognition of these chapter 11 cases and this Court's orders in the UK Proceeding of each of the UK Debtors, (b) requesting that the UK Court lend assistance to this Court in protecting the property of the Debtors' estates, and (c) seeking any other appropriate relief from the UK Court that Mr. Orlofsky deems just and proper in the furtherance of the protection of the Debtors' estates.

5. The Court requests the aid and assistance of the UK Court to recognize these chapter 11 cases as a "foreign main proceeding" or "foreign non-main proceeding," as applicable, and Mr. Orlofsky as a "foreign representative" pursuant to the CBIR, and to recognize and give full force and effect to this Interim Order and any other orders for which recognition is sought throughout Great Britain.

6. The appointment and authorization of Mr. Orlofsky as Foreign Representative pursuant to this Interim Order, and the request for the aid and assistance of the UK Court set forth herein, are granted on a final basis, and nothing in this Interim Order, including the scheduling of the Final Hearing, shall limit, condition or otherwise affect such relief.

7. The Debtors are authorized, on an interim basis, without any further review by this Court, to pay the reasonable fees, costs and expenses of the Joint Administrators and Carey Olsen, subject to the supervision and approval of the Jersey Court.

8. For the purposes of communicating with the UK Court (should it be necessary), this Court may utilize the Guidelines for Communication and Cooperation between Courts in Cross-Border Insolvency Matters issued by the Judicial Insolvency Network as this Court determines is just and proper. For the purposes of communicating with the Jersey Court (should it be necessary) this Court may utilize the Cross Border Protocol.

9. Notwithstanding anything to the contrary in the Motion or this Interim Order, any payment made by the Debtors pursuant to the authority granted in this Interim Order must be in compliance with and any authorization of the Debtors contained herein is subject to: (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith (in each case, the "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and this Interim Order, the terms of the DIP Order shall control.

---

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

11. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Interim Order shall be effective and enforceable immediately upon entry hereof.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

13. The Debtors shall serve a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

14. Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.