**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**BLANK ROME LLP**
Josef W. Mintz
Jordan L. Williams (*pro hac vice* forthcoming)
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: 215.569.5500
Josef.mintz@blankrome.com
Jordan.williams@blankrome.com

*Counsel for Blank Rome LLP*

In re:

LIV GOLF NEW JERSEY LLC, *et al.*,

Debtors.[1]

Chapter 11

Case No.: 26-20189 (MBK)

(Jointly Administered)

Re: Docket No. 24

**LIMITED OBJECTION OF BLANK ROME LLP TO DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EACH EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

Blank Rome LLP ("Blank Rome") hereby files this limited objection (the "Limited Objection") to the *Debtors' First Omnibus Motion for Entry of an Order (I) Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Petition Date and (II) Granting Related Relief* [Dkt. No. 24] (the "Rejection Motion") filed by LIV Golf New Jersey

[1] The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"). In support of this Limited Objection, Blank Rome respectfully states as follows:

## PRELIMINARY STATEMENT

1. Blank Rome is an Am Law 100 firm with 800 attorneys across 16 offices in the United States and internationally. Blank Rome currently occupies and actively operates out of Suite 1400 of the Esperante Corporate Center, 222 Lakeview Avenue, West Palm Beach, Florida (the "Premises") pursuant to the Sublease (as defined below). Blank Rome already paid rent to the Debtors for September, was on the Premises on the Petition Date, remains on the Premises as of the date hereof, and is actively conducting its law practice from the Premises.

2. Blank Rome is not seeking to remain on the Premises indefinitely. To the contrary, Blank Rome is prepared to vacate the Premises and is actively working to do so in an orderly fashion. Blank Rome takes no position at this time on the Debtors' ability to retroactively reject the Leases (defined below) but seeks a reasonable period of time - through October 31, 2026 - to effectuate an orderly transition. As set forth more fully below, Blank Rome is prepared to pay rent at the Sublease rate for October to the party that the Court directs.

## RELEVANT BACKGROUND

3. On November 24, 2021, LIV Golf entered into that certain office lease agreement dated November 24, 2021 (the "Prime Lease") with 222 Lakeview, LLC (the "Prime Landlord") for the Premises.

4. On February 10, 2026, Blank Rome, as subtenant, and Debtor LIV Golf Incorporated, as sublandlord ("LIV Golf"), entered into that certain sublease agreement dated February 10, 2026 (the "Sublease," and together with the Prime Lease, the "Leases") pursuant to

which Blank Rome subleases the Premises from LIV Golf. The Sublease did not purport to release LIV Golf from any of its obligations to Prime Landlord.

5. Prior to the Petition Date, Blank Rome remitted September 2026 rent under the Sublease to Debtor LIV Golf.

6. On September 8, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

7. Also on the Petition Date, the Debtors filed the Rejection Motion, seeking, among other things, to reject both Leases *nunc pro tunc* effective as of the Petition Date.

8. The Rejection Motion was the first notice Blank Rome received of the Debtors' desire to reject the Sublease. Blank Rome had no advance warning and no opportunity to prepare for, or respond to, the proposed rejection prior to its filing.

9. To date, Blank Rome remains in active operation of its law practice on the Premises.

## LIMITED OBJECTION

### A. Blank Rome Should Be Permitted To Remain In the Premises Until October 31, 2026.

10. In the first instance, the Rejection Motion states that "[a]s of the Petition Date, the Debtors have vacated the Premises related to the Leases sought to be rejected by this Motion" and that "[p]rior to the Petition Date, the Debtors vacated the Premises." *See* Rejection Motion ¶¶ 11, 20. These representations are incorrect with respect to the Premises at issue here.

11. While the Debtors themselves may no longer maintain their own operations at the Premises, the Debtors have not "vacated" the Premises. First, the Debtors have a subtenant - Blank Rome - that is presently in possession of, and actively operating a large law firm from, the

Premises. Blank Rome is presently making arrangements to vacate the Premises, but in the meantime, Blank Rome's attorneys and staff report to the Premises daily. Second, the Debtors have not removed all of their personal property from the Premises.

12. At this time, Blank Rome takes no position on the Debtors' ability to retroactively reject the Leases. However, to the extent the Court permits the Leases to be retroactively rejected, Blank Rome requires the ability to remain in the Premises until October 31, 2026 to facilitate an orderly transition.

13. Blank Rome is prepared to treat the rejection of the Sublease as a termination of Blank Rome's rights and obligations under the Sublease pursuant to section 365(h)(1)(A)(i) of the Bankruptcy Code, provided that: (a) Blank Rome is permitted to remain in the Premises until October 31, 2026; (b) the Court provides guidance as to whom Blank Rome should pay rent at the sublease rate during the remaining occupancy period, whether to the Debtors' estates, the Prime Landlord, or such other party as the Court directs; and (c) the order provides that, as of the effective date of rejection, all of Blank Rome's obligations under the Sublease — to the Debtors, the Prime Landlord, and any other party — shall be deemed fully terminated, satisfied, and of no further force or effect, and neither the Debtors nor the Prime Landlord shall have any further claims against Blank Rome arising under or related to the Sublease or the Prime Lease for periods on or after October 31, 2026.

14. To allow the Leases to be rejected without allowing Blank Rome reasonable time to wind down and vacate its subtenancy in an orderly manner through and including October 31, 2026, would effectively render Blank Rome a trespasser retroactively, despite the fact that Blank Rome has been lawfully occupying, operating from, and paying rent to LIV Golf for the Premises at all relevant times. That result would cause real and tangible prejudice to Blank Rome, a party

that had no notice of the Debtors' intent to reject the Sublease until the Rejection Motion was filed on the first day of these chapter 11 cases.

15. Blank Rome is currently interfacing with the Prime Landlord to effectuate an orderly transition. Thus, to the extent the Court authorizes rejection of the Sublease, Blank Rome respectfully requests the ability to remain in the Premises through October 31, 2026.

**B. Blank Rome Reserves its Rights Under Section 365(h) of the Bankruptcy Code.**

16. Section 365(h) of the Bankruptcy Code provides important protections to tenants and subtenants when a debtor-landlord rejects an unexpired lease. Specifically, section 365(h)(1)(A)(ii) provides that, upon rejection of a lease, the lessee may "retain its rights under [the] lease . . . to the extent that such rights are enforceable under applicable nonbankruptcy law." 11 U.S.C. § 365(h)(1)(A)(ii). Alternatively, a tenant or subtenant may elect to "treat such lease as terminated by the rejection." 11 U.S.C. § 365(h)(1)(A)(i).

17. Depending on the outcome of the Rejection Motion and the related negotiations with both the Debtors and the Prime Landlord, Blank Rome reserves its rights under section 365(h) of the Bankruptcy Code, including, without limitation, the right to elect to remain in possession of the Premises as a holdover tenant pursuant to the terms of the Sublease.

18. Courts in this circuit have confirmed that subtenants retain the same ability as any other standard tenant to exercise holdover rights pursuant to section 365(h). *See In re Amicus Wind Down Corp.*, 2012 Bankr. LEXIS 662 (Bankr. D. Del. Feb. 24, 2012) (section 365(h)(1)(A)(ii) explicitly provides that the subtenant "retains its rights under the lease," and therefore the debtor could not simply "surrender" the premises to the over-landlord without first wresting possession from the subtenant through proper legal channels (*i.e.*, eviction proceedings in state court), and ordering that the rejection of the over-lease would not be effective until the

debtor actually delivered possession to the over-landlord, which required the debtor to first evict the subtenant).

19. In light of the foregoing, Blank Rome does not seek to impede the Debtors' restructuring efforts, but simply requests that the Court ensure any rejection of the Sublease is implemented in a manner that is equitable, orderly, and consistent with the protections afforded to subtenants under the Bankruptcy Code.

**C. Response to Request for Abandonment of Personal Property at the Premises.**

20. The Rejection Motion also seeks authorization for the Debtors to abandon certain personal property that may be located at the Premises. *See* Rejection Motion ¶¶ 12, 25-27. Blank Rome does not object to such relief in principle, but respectfully requests that the Court's order address the following with respect to the Premises occupied by Blank Rome.

21. Pursuant to the Sublease, the Premises were delivered to Blank Rome together with certain furniture, fixtures, and equipment owned by the Debtors and/or the Prime Landlord (the "FF&E"). Under Section 6.3 of the Sublease, Blank Rome was granted a revocable license to use the FF&E during the term of the Sublease. At all times, title to the FF&E has remained with the Debtors, the Prime Landlord, or applicable third parties — not Blank Rome. Blank Rome has no ownership interest in, and has never acquired title to, any of the FF&E.

22. Accordingly, upon termination of the Sublease and Blank Rome's vacatur of the Premises, Blank Rome will tender possession of the Premises and will leave all Debtor and Prime Landlord property, including the FF&E, on-site. Blank Rome will remove only its own personal property, equipment, and trade fixtures from the Premises. For the avoidance of doubt, Blank Rome shall not be required to undertake, and expressly disclaims, any of the Debtors' obligations under the Prime Lease with respect to the removal, disposal, or remediation of any abandoned

personal property at the Premises, including without limitation any obligations arising under Section 554 of the Bankruptcy Code or any order granting the abandonment relief requested in the Rejection Motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Blank Rome respectfully requests that the Court (a) permit Blank Rome to remain in the Premises through October 31, 2026; (b) provide guidance as to the appropriate party to whom Blank Rome should remit rent at the Sublease rate during the period of its continued occupancy, (c) provide that, as of the effective date of rejection, all of Blank Rome's obligations under the Sublease shall be deemed fully terminated and of no further force or effect; (d) provide that Blank Rome shall have no obligation to remove, dispose of, or remediate any Debtor or Prime Landlord property, including the FF&E, remaining at the Premises, and that Blank Rome shall not be deemed to have assumed any of the Debtors' obligations under the Prime Lease with respect to any abandoned personal property; and (e) grant such other and further relief as is just and proper.

Dated: September 30, 2026

**BLANK ROME LLP**

*/s/ Josef W. Mintz*
Josef W. Mintz (NJ Bar No. 31971992)
Jordan L. Williams (*pro hac vice* forthcoming)
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: 215.569.5500
Email: josef.mintz@blankrome.com
jordan.williams@blankrome.com

*Attorneys for Blank Rome LLP*