Caption in Compliance with D.N.J. LBR 9004-1(b)

**Order Filed on November 5, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
|---|---|
| In re:<br><br>LIV GOLF NEW JERSEY LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-20189 (MBK)<br><br>(Jointly Administered) |

## <u>STIPULATED PROTECTIVE ORDER</u>

The relief set forth on the following pages, numbered three (3) through nineteen (19), is hereby **ORDERED**.

**DATED: November 5, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

[1] The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (admitted *pro hac vice*)
Matthew J. Williams (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
Robert E. Fitzgerald (admitted *pro hac vice*)
Tommy Scheffer (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

This Stipulated Protective Order ("Order") is entered into by and among: (i) the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") (ii) the Official Committee of Unsecured Creditors in the above-captioned chapter 11 cases (the "Committee") and (iii) any other persons or entities who become bound by this Order by executing and delivering a declaration in the form attached as **Exhibit A** hereto (a "Declaration"), with the prior written consent of the Debtors and the Committee (which may be provided by counsel via email). Each of the persons or entities identified in the foregoing clauses (i) through (iii) shall be referred to herein individually as a "Party," and, collectively, as the "Parties." The Parties, by and through their respective attorneys of record and subject to approval of the U.S. Bankruptcy Court for the District of New Jersey (the "Court"), stipulate to the entry of this Order to govern the production of documents and information between the Parties in connection with the above-captioned chapter 11 cases (including the Committee's investigation and evaluation of estate claims and challenges to liens or claims), related contested matters and adversary proceedings, related foreign insolvency proceedings, and post-confirmation proceedings concerning the Debtors or their estates (the "Proceedings").

1. This Order shall apply to any information, document, data, or thing produced to, between, or among the Parties (the "Discovery Materials") in connection with or relating to the Proceedings. Discovery Materials shall also include, without limitation, testimony adduced at depositions; answers to interrogatories and requests for admission; documents, data, and things produced pursuant to formal or informal requests for production; and documents and things provided pursuant to subpoena. Discovery Materials shall include all information, filings, documents, and things referring to the substance of the foregoing, including (1) information copied

or extracted from Discovery Materials; (2) copies, excerpts, summaries, or compilations of Discovery Materials; and (3) any testimony, conversations, or presentations made by Parties or their counsel that might reveal Discovery Materials.

2. Confidential Information and Highly Confidential Information, or information derived therefrom, shall only be used in connection with the Proceedings, and not for any other purpose. Such protected information shall not be used for any commercial, competitive, or personal purpose unrelated to the proceedings permitted above.

**I. Designation of Discovery Materials as Confidential or Highly Confidential**

3. Any Party or third-party providing Discovery Materials under this Order (a "Designating Party"), may designate as "Confidential" or "Highly Confidential" that portion of any Discovery Materials produced or disclosed in the Proceedings (whether or not the Designating Party is the Party that produced or disclosed those Discovery Materials) that the Designating Party in good faith believes meets the criteria in paragraph 4 or paragraph 5 below, as applicable. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not unjustifiably designated.

4. A Designating Party may designate Discovery Materials as "Confidential" to the extent they contain (a) private personal identifying information irrelevant to any issue in dispute before the Court, (b) trade secrets or confidential research, development or commercial

information the disclosure of which would, in the good faith judgment of the Designating Party, be substantially and materially detrimental to the conduct of that Designating Party's business, (c) information subject to protection under applicable law or regulation, or (d) information that the Designating Party is under a preexisting obligation to a third party to treat as confidential or that the Designating Party has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party ("Confidential Information").

5. A Designating Party may designate Discovery Materials as "Highly Confidential" only if (a) such materials contain extremely sensitive personal identifying information, trade secrets, proprietary business information, competitively sensitive information, or sensitive financial or business information, and (b) disclosure of such materials to one or more Parties, as opposed to Advisors, would create a substantial risk of serious harm to the conduct of the Designating Party's business or the business of any of that Designating Party's customers or clients that cannot be avoided by less restrictive means ("Highly Confidential Information"). For purposes of this Order, "Advisors" shall mean the outside advisors, attorneys, accountants, bankers, agents, or consultants of any Party in connection with the Proceedings, whether or not retained to testify at any oral hearing.

6. Confidential Information and Highly Confidential Information shall not include:

(a) information that is at any time independently developed by the Receiving Party (as defined in paragraph 10 below) without use of or reference to Discovery Materials;

(b) information rightfully acquired by the Receiving Party from an independent source;

(c) information that is publicly available in substantially the same form in which it was provided by the Party or third-party producing or disclosing the information;

(d) information that is deemed by an order of the Court not to be Confidential Information or Highly Confidential Information;

(e) information that was, is, or becomes public knowledge, not in violation of this Order; or

(f) information that (i) is required by any agreement or applicable law, including without limitation the applicable provisions of title 11 of the United States Code (the "Bankruptcy Code") or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to be made generally available to the public and has been made generally available to the public or (ii) the Designating Party has, prior to the commencement of the Proceedings, made available to the public or upon request without any agreement as to confidentiality or non-disclosure.

7. Except as otherwise provided in this Order or otherwise stipulated or ordered, and solely with regard to Discovery Materials produced pursuant to this Order, Discovery Materials must be clearly designated as Confidential or Highly Confidential before the material is disclosed or produced, or else such materials shall not be deemed to include Confidential Information or Highly Confidential Information. Where practicable, the Designating Party shall designate Discovery Materials as Confidential by applying the legend "Confidential" or as Highly Confidential by applying the legend "Highly Confidential" to each page of the Discovery Materials. Where marking of every page of such material is not practicable, such as with certain native file documents, a Designating Party may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production, such as by including such terms in the file name thereof or by including the designation in correspondence transmitting the material. Discovery Materials produced prior to the execution of this Order pursuant to an agreement that such Discovery Materials would be

treated as "Confidential" or "Highly Confidential" shall be treated as "Confidential" or "Highly Confidential," as applicable, pursuant to this Order, notwithstanding such Discovery Materials not bearing such markings. Where the Designating Party is not the Producing Party, the Designating Party shall designate Discovery Materials as Confidential or Highly Confidential by written notice to the other Parties.

8. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

## II. Use of Confidential Information or Highly Confidential Information.

9. Unless otherwise ordered by the Court, Confidential Information shall be maintained in confidence and shall not be shared by any Party that receives the Confidential Information (the "Confidential Information Receiving Party") with any person other than the following individuals (the "Confidential Information Permitted Recipients"):

(a) the Receiving Party's counsel (including in-house and local counsel) to whom it is reasonably necessary to disclose the information for the Proceedings and any related litigation, and their legal, clerical, or support staff, including temporary or contract staff;

(b) the Receiving Party, its affiliates and their respective present officers, directors, trustees, partners, or employees;

(c) any Advisor (including any expert witness) who is employed or retained by the Receiving Party or its counsel in connection with the Proceedings, and any expert witness to whom disclosure is reasonably necessary for the Proceedings and, with respect to a representative of any outside professional firm or individual who is not an employee of the Receiving Party, its counsel or their respective Advisors who are retained in connection with the Proceedings; provided that any report or declaration created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as Confidential Information by the Party responsible for its creation;

(d) any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(e) witnesses being questioned, either at a deposition or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the Proceedings. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information may not be disclosed to anyone except as permitted under this Order;

(f) the Court and its personnel, subject to paragraph 13 below;

(g) the U.S. Trustee;

(h) court reporters, stenographers, videographers, their staff, and professional vendors to whom disclosure is reasonably necessary for purposes of the Proceedings;

(i) outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Proceedings;

(j) non-professional support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the direction of any Party to this Order or in connection with the Proceedings—in each case, only as necessary to assist such person with respect to the Proceedings;

(k) any other person, with the express written authorization of the Designating Party.

10. Unless otherwise ordered by the Court, Highly Confidential Information shall be shared with the Advisors to a Party that receives the Highly Confidential Information (the "Highly

Confidential Information Receiving Parties" and together with the Confidential Information Receiving Parties, the "Receiving Parties") and shall be maintained in confidence and shall not be shared by any Party with any person other than the following individuals (the "Highly Confidential Information Permitted Recipients" and together with the Confidential Information Permitted Recipients, the "Permitted Recipients"), provided that any portion of a report or declaration created by a Permitted Recipient that incorporates or references Highly Confidential Information shall be designated as Highly Confidential Information by the Party responsible for its creation:

(a) Outside counsel, and staff working under the express direction of such counsel, for the Receiving Party;

(b) Advisors who are employed or retained by the Receiving Party or its counsel in connection with the Proceedings, and to whom disclosure is reasonably necessary for the Proceedings;

(c) any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d) witnesses being questioned, either at a deposition or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the Proceedings. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential Information may not be disclosed to anyone except as permitted under this Order;

(e) the Court and its personnel, subject to paragraph 13 below;

(f) the U.S. Trustee;

(g) court reporters, stenographers, videographers, their staff, and professional vendors who record testimony in connection with the Proceedings;

(h) outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Proceedings;

(i) non-professional support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any person bound by and allowed to see Highly Confidential Information under

this Order—in each case, only as necessary to assist such person with respect to the Proceedings; and

(j) any other person, with the express written authorization of the Designating Party.

11. Depositions. Any Party or non-Party shall have the right to designate on the record, or within five (5) business days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential Information or Highly Confidential Information, subject to the guidelines established in this Order. Until the expiration of such five (5) business day period, the entire deposition transcript and all exhibits thereto shall be treated as Confidential Information. The Designating Party shall provide a copy of the transcript marked to show the portions for which protection is being sought. Transcripts of testimony or portions thereof so designated during the deposition may, at the option of any Party, be appropriately marked and bound separately. The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as Confidential Information or Highly Confidential Information unless such document is subsequently made part of the public record therein.

12. Non-Disclosure Declaration. Counsel for a Receiving Party shall provide a copy of this Order to each Advisor, and to a representative of any outside professional firm or individual who is not an employee of the Receiving Party or its counsel who is retained in connection with the Proceedings.

13. Filing of Confidential Information and Highly Confidential Information. All Confidential Information and Highly Confidential Information filed with the Court or any other court with jurisdiction over the Proceedings, including all portions of pleadings, motions, or other

papers that disclose Confidential Information or Highly Confidential Information, shall either (a) be filed in redacted form, with all Confidential Information and Highly Confidential Information redacted (with unredacted copies provided to the Court and all Parties entitled to receive such material), or (b) where permitted without motion, be filed under seal with the Clerk of the Court and kept under seal until further order of the relevant court. Any Party seeking to file Confidential Information or Highly Confidential Information under seal shall first file a motion to seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, together with the Local Form Order Concerning Request to Seal Documents, and shall immediately thereafter file the unredacted materials using the Court's sealed document CM/ECF event, in accordance with the Court's electronic filing procedures. Pending the Court's ruling on such motion, the materials shall remain under seal or in redacted form and shall continue to be treated as designated under this Order.

14. Disclosure Required by Law. In the event that a Receiving Party or a Permitted Recipient is required, by interrogatories, subpoena, civil investigative demand, demand from a regulatory body, or similar legal process or applicable law or regulation, to disclose any Confidential Information or Highly Confidential Information, the Receiving Party or Permitted Recipient shall, to the extent permitted by applicable law and the rules and requirements of the relevant governmental or regulatory authority, provide the Designating Party with prompt notice and a copy of the subpoena or request. Upon receipt of the notice, the Designating Party may, in its sole discretion and at its own cost, seek a protective order or other appropriate remedy. If the Designating Party timely seeks a protective order or other relief, the Receiving Party or Permitted Recipient served with the demand shall not produce any information designated in the Proceedings

as Confidential Information or Highly Confidential Information, as applicable, prior to the date specified for production on the subpoena or demand. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order directing production of Confidential Information or Highly Confidential Information covered by this Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

15. No Waiver. The inadvertent failure to designate any qualifying Discovery Materials as Confidential Information or Highly Confidential Information does not constitute a waiver of the Designating Party's right to secure protection under this Order for such material. If at any time any Party determines or discovers that certain testimony or some portion of Discovery Materials that was previously produced should be designated as Confidential Information or Highly Confidential Information ("Misdesignated Material"), that Party may notify all of the Parties in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential Information or Highly Confidential Information, as applicable, under the terms of this Order. At such time, arrangements will be made for the destruction of the Misdesignated Material, for the return to the Producing Party of all copies of the Misdesignated Material, and/or for the substitution, where appropriate, of properly labeled copies of such Discovery Materials. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material.

16. Production of Privileged Material. A Producing Party may assert privilege or protection over produced documents at any time by notifying all Receiving Parties in writing of the assertion of privilege or protection and the basis for that assertion. In addition, if a Receiving Party receives information that such Receiving Party reasonably recognizes contains privileged matter or attorney work product, such Receiving Party shall promptly notify the Producing Party. If requested by the Producing Party, the Receiving Party must promptly return, sequester, or destroy, as applicable, the specified information and any copies until the claim is resolved. Nothing in this provision will limit the right of the Receiving Party to contest in good faith the Producing Party's claim of privilege or protection, including the ability to refer to the documents at issue when contesting the assertion of privilege consistent with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rules 7026 and 9014. The Producing Party shall be required to maintain the information in the form it was produced and, if ordered by the Court, to present the information to the Court under seal for a determination of the Producing Party's claim of privilege or protection. Pursuant to Federal Rule of Evidence 502(d), the disclosure, whether inadvertent or otherwise, of documents or information subject to attorney-client privilege or work-product protection in connection with the Proceedings shall not constitute a waiver of such privilege or protection in the Proceedings or in any other federal or state proceeding.

17. Disputes Over Designation of Discovery Materials. Any Party may object to the designation of Discovery Materials as Confidential Information or Highly Confidential Information at any time. In the event that a Party objects to any designation of testimony or Discovery Materials as Confidential Information or Highly Confidential Information, as

applicable, (the "Objecting Party"), the Objecting Party shall notify the Designating Party and other Parties in writing, stating the grounds of the objection. After the Designating Party receives such written objection, the Parties shall have three (3) business days, which the Parties may extend by mutual agreement, to attempt to resolve the objection in good faith. In conferring, the Objecting Party must explain the basis for its belief that the designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the Parties cannot resolve an objection without court intervention, then, before filing any motion or other application concerning the disputed designation, counsel shall comply with the Court's chambers procedures by contacting the Courtroom Deputy regarding the discovery dispute and any request to have the dispute resolved by telephonic hearing or otherwise. Subject to the foregoing, the Objecting Party may seek a ruling from the Court that such information should not be treated as Confidential Information or Highly Confidential Information, as applicable. Pending such a determination by the Court, the disputed material shall continue to be treated as designated, and no Confidential Information or Highly Confidential Information shall be filed in the public record. The burden shall be on the Designating Party or other Party seeking to support the designation of the information as Confidential Information or Highly Confidential Information to justify the claim that the disputed material has been properly designated under Bankruptcy Code § 107. Neither this Order nor the agreement of any Party hereto shall entitle any Designating Party to withhold information from any person or otherwise keep confidential, through designation as Confidential Information or Highly Confidential Information or otherwise,

where such Designating Party would be required, or would have been required, to disclose such information under any agreement or applicable law.

18. Disclosure in Court Proceedings. If any Confidential Information or Highly Confidential Information may be used, offered, or referenced at any hearing or other proceeding before the Court, counsel shall confer in advance and shall coordinate with chambers regarding such procedures as are necessary to protect the confidentiality of any documents, information, or transcripts used in the course of such proceeding, and in the event counsel cannot agree on such procedures, the question shall be submitted to the Court for resolution sufficiently in advance of the proceeding.

19. No Bar Against Seeking Further Protection. Nothing in this Order shall be construed as preventing any Party from seeking further protection from the Court for any Discovery Material.

20. No Admission Regarding Admissibility or Relevancy. Nothing in this Order shall be construed to affect in any way the admissibility or relevancy of any Discovery Material or other evidence.

21. No Warranty. Neither the Designating Party nor any of its representatives, officers, directors, employees or agents make any express or implied representation herein as to the accuracy or completeness of Discovery Material except as otherwise agreed in writing in any other documentation.

22. No Bar to Use of Party's Own Discovery Material. This Order has no effect on, and shall not apply to, a Designating Party's use or disclosure of its own Confidential Information or Highly Confidential Information for any purposes whatsoever.

23. Binding Effect. The provisions of this Order shall, absent written consent of all of the Parties or further order of the Court, continue to be binding after the conclusion of the Proceedings and any related litigation, including without limitation any appeals therefrom. Within sixty (60) calendar days after receiving notice of an entry of an order, judgment, or decree finally disposing of the Proceedings and any related litigation, including the exhaustion of all possible appeals and other review, after receipt of a Producing Party's request, a Receiving Party shall either (i) return all Confidential Information and Highly Confidential Information and all copies thereof (including summaries and excerpts and including all such material provided by a Party to any other persons, whether or not in accordance herewith) to counsel for the Producing Party, or (ii) destroy or cause to be destroyed all Confidential Information and Highly Confidential Information. As to documents that have been received electronically and that cannot be returned, deleted, or destroyed, the recipient must take reasonable measures to ensure that unauthorized persons do not have access to Confidential Information or Highly Confidential Information present on the recipient's computer, server, or any backup media. Notwithstanding the foregoing, counsel to any Party shall be entitled to retain all pleadings, motion papers, or other documents filed with the Court, deposition, trial, and hearing transcripts, legal memoranda, expert reports, correspondence, attorney work product, and expert and consultant work product that refer to or relate to Confidential Information or Highly Confidential Information, which shall remain subject to this Order. Additionally, the Parties shall be entitled to maintain Confidential Information and Highly Confidential Information to the extent required by law, regulation, the Committee's bylaws, or internal document retention policies, which shall remain subject to this Order.

24. Reservation of Rights. Nothing in this Order shall constitute: (a) an agreement by the Parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by the Court; (b) a waiver by any person or Party of any right to seek or object to a further protective order with respect to any discovery request in the Proceedings or any other action; or (c) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information. Evidence of the existence or non-existence of a designation under this Order shall not be admissible for any purpose.

25. Notice. Notice required or permitted to be given for any purpose under this Order shall be delivered in writing by electronic mail or U.S. mail to the undersigned counsel for the Parties, and any other counsel of record for the Parties in the Proceedings. Notice shall be deemed effective upon actual receipt.

26. Unauthorized Disclosure. If a Receiving Party learns that, by inadvertence or otherwise, it or any Permitted Recipient has disclosed Confidential Information or Highly Confidential Information to any person or in any circumstance not authorized under this Order (including through a data security incident), the Receiving Party shall promptly (a) notify the Designating Party in writing of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order, and (d) request that such person promptly return, sequester, or destroy, as applicable, the specified information and any copies.

27. Secure Maintenance of Discovery Materials. Each Receiving Party shall maintain Confidential Information and Highly Confidential Information in a secure manner using reasonable administrative, technical, and physical safeguards.

28. Continuing Jurisdiction. The Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Order upon appropriate motion by a party in interest. Nothing herein shall preclude any Party from seeking to amend or modify the terms of this Order upon appropriate motion and order of the Court. Any violation of this Order may be punished by contempt or such other sanctions or relief as the Court deems appropriate.

29. Additional Relief. Nothing herein shall prevent any Party or non-Party from seeking additional relief from the Court not specified in this Order.

30. Committee Members. Where the Committee is the Receiving Party, Confidential Information may be disclosed to the members of the Committee and their respective counsel solely in their capacity as Committee members, subject to the Committee's bylaws. No member of the Committee shall receive Highly Confidential Information absent the Designating Party's written consent or further order of the Court. If Committee counsel reasonably determines that access to particular Highly Confidential Information is necessary for Committee members to discharge their duties, the Parties shall promptly confer regarding reasonable accommodations, including redactions, summaries, or limited member access subject to appropriate safeguards. Nothing in this Order shall require the Committee to disclose Confidential Information or Highly Confidential Information to any creditor in contravention of this Order; provided, however, that nothing herein limits the Committee's statutory duties under section 1102(b)(3) of the Bankruptcy Code or its ability to seek guidance from the Court regarding those duties. Each Committee member remains responsible for compliance with applicable securities laws in connection with its receipt of Confidential Information.

31. Non-Parties. Any non-Party that produces Discovery Materials in connection with the Proceedings, whether voluntarily, pursuant to Bankruptcy Rule 2004, or pursuant to subpoena, may designate such Discovery Materials in accordance with this Order and shall be entitled to the protections afforded to a Producing Party and Designating Party hereunder.

32. Effectiveness; Counterparts. The Parties agree to be bound by the terms of this Order upon its execution by counsel, pending its entry by the Court, and any violation of its terms prior to entry shall be subject to the same remedies as if it had been entered. This Order may be executed in counterparts, and signatures delivered by electronic means shall be deemed originals.

*[remainder of page left intentionally blank]*

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: October 28, 2026

*/s/ Joseph J. DiPasquale*
**FOX ROTHSCHILD LLP**
Joseph J. DiPasquale, Esq.
Curtis M. Plaza, Esq.
Michael R. Herz, Esq.
Agostino A. Zammiello, Esq.
49 Market Street
Morristown, New Jersey 07960
Telephone: (973) 992-4800
jdipasquale@foxrothschild.com
cplaza@foxrothschild.com
mherz@foxrothschild.com
azammiello@foxrothschild.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Brett H. Miller, Esq. (pro hac vice pending)
Paul J. Labov, Esq.
James H. Burbage, Esq. (pro hac vice pending)
Jessica D. Graber, Esq. (pro hac vice pending)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
bmiller@willkie.com
plabov@willkie.com
jburbage@willkie.com
jgraber@willkie.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*

*/s/ Matteo Percontino*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Anthony De Leo, Esq.
Matteo Percontino, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
adeleo@coleschotz.com
mpercontino@coleschotz.com

-and-

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg (admitted *pro hac vice*)
Matthew J. Williams (admitted *pro hac vice*)
Keith R. Martorana (admitted *pro hac vice*)
Robert E. Fitzgerald (admitted *pro hac vice*)
Tommy Scheffer (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
sgreenberg@gibsondunn.com
mjwilliams@gibsondunn.com
kmartorana@gibsondunn.com
rfitzgerald@gibsondunn.com
tscheffer@gibsondunn.com

*Co-Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

Caption in Compliance with D.N.J. LBR 9004-1(b)

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| In re: | Chapter 11 |
| LIV GOLF NEW JERSEY LLC, *et al.*, | Case No. 26-20189 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER**

I, ______________________________, am the ____________________ [Title] of __________________ [full legal name of entity] ("Joining Entity"), and am duly authorized to execute this declaration (the "Declaration") on behalf of the Joining Entity. I declare under penalty of perjury that:

1. My address is________________________________________________________.

2. My present employer is_______________________________________________.

3. My present occupation or job description is ________________________________ ______________________________________________________________________.

4. I hereby certify and agree that I have read and understand the terms of the Stipulated Protective Order (the "Order") entered into by the Debtors and the Committee in the above-captioned chapter 11 cases. All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that the Joining Entity will not use Confidential Information or Highly Confidential Information, or information derived

[1] The last four digits of Debtor LIV Golf New Jersey LLC's tax identification number are 5081. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/livgolf. The location of the Debtors' service address in these chapter 11 cases is: 50 Hudson Yards, Suite 65B, New York, NY 10001.

therefrom, for any purpose other than those allowed by the Order, and will not disclose or cause Confidential Information or Highly Confidential Information to be disclosed to anyone other than a Permitted Recipient authorized by the Order to receive such information. The Joining Entity agrees to be bound by the terms and conditions of the Order.

5. I understand that the Joining Entity must retain in confidence from all individuals not expressly permitted by the Order to receive Confidential Information or Highly Confidential Information, whether at home or at work, all copies of any Confidential Information or Highly Confidential Information, and that I will carefully maintain such materials in a secure manner consistent with the Order. I acknowledge that the return or destruction of Confidential Information or Highly Confidential Information shall not relieve the Joining Entity from any other continuing obligations imposed upon me by the Order.

6. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: ___________________ Signature: _________________________________